# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED** | : | |
| **RETURNS** | | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| **RONALD CARLINO** | : | |

## PROTECTIVE ORDER

And now, this _____ day of_____ 2014, upon consideration of the
joint motion for a protective order, the Court has weighed the public interest in a speedy and
public trial, the interests in confidentiality of entities that supplied proprietary or confidential
information pursuant to a grand jury subpoena during the course of the investigation, the
interests of the government in obtaining the cooperation of witnesses and third parties, and the
rights of the defendants in obtaining and using documents and other materials in defense of this
matter;

It is ORDERED AND DECREED that the motion is GRANTED.

IT IS FURTHER ORDERED AND DECREED that the government shall place
the watermark "Confidential – Subject to Protective Order," or other clear designation, on any
materials which it believes are subject to the protective order ("Protected Materials"), and
counsel for defendants shall treat such materials as subject to this order.  If counsel for any
defendant believes that the government has designated as "Protected Materials" any documents
or other information that should not be subject to this Order, such counsel shall contact counsel

for the government and attempt to resolve the issue.  Defense counsel shall provide the

government with at least fourteen days to resolve the issue.  If no resolution is forthcoming,

objecting counsel may file a motion with this Court; provided, however, no disclosure shall be

made until further order of this Court.

        IT IS FURTHER ORDERED AND DECREED that defense counsel may make

such use of the Protected Materials produced by the government in this case as is necessary to

prepare for trial and for use at trial (including such trial-related proceedings as hearings and

sentencings), including the disclosure of the material to the defendants and other persons

assisting counsel in preparing for and conducting the trial.  Any counsel, defendant, or other

person to whom disclosure is made of Protected Materials pursuant to this paragraph may not use

the Protected Materials for any purpose other than preparation for or use at trial, and may not

disclose or display the Protected Materials or information contained in the Protected Materials to

any third party, except as required to prepare for trial or for use at trial.

        Defense counsel shall maintain a log of every person to whom a copy of Protected

Materials is provided for the purpose of preparation for or use at trial, and shall obtain from

every person to whom such a copy is provided, at the time of disclosure, the following written

statement:

> I acknowledge that Protected Materials have been disclosed and/or provided to
> me in connection with the case captioned _United States v. Devos Ltd. et al._,
> No. 14-Cr-574-PBT, pending in the United States District Court for the Eastern
> District of Pennsylvania.  I have read the Order of the Court dated
> _____ _____, 2014 permitting such disclosure to me, and agree as
> directed in that Order that I will not disclose or display the Protected Materials or
> information contained in the Protected Materials to any third party.  I
> acknowledge that a violation of the Court's Order may result in penalties for
> contempt of court.

The parties agree that that the disclosure log provided for in this order may constitute or contain protected attorney work-product information.  As such, the parties agree that defense counsel shall not be required, absent further order of the Court, to disclose the log or the identities of those third parties to whom they have disclosed, displayed or provided Protected Materials.

At the conclusion of the case, each defense counsel shall either (i) return to the government all Protected Materials; or (ii) destroy all Protected Materials and send to counsel for the government a written representation that such materials have been destroyed.

This order may be revised by this Court at any time.  Nothing in this order will preclude any defendant upon proper motion from seeking any additional discovery from the government, from challenging the inclusion of particular discovery materials under this protective order, or from conducting any independent investigation.  Nothing in this order shall grant any defendant any additional right to obtain access to materials in the possession of the government.


BY THE COURT:


_____
HONORABLE PETRESE B. TUCKER
CHIEF UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED**<br>    **RETURNS** | : | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| **RONALD CARLINO** | : | |

## MEMORANDUM IN SUPPORT OF JOINT<br>MOTION FOR A PROTECTIVE ORDER

The indictment charges that defendants conspired to defraud healthcare providers, including the government, in connection with a pharmaceutical returns program; that they conspired to launder the proceeds of those crimes; and that they conspired to obstruct a federal grand jury investigation by destroying records and lying to a federal agent.

The government is preparing to produce to the defendants a voluminous amount of discovery in this case, including materials produced by third parties who have expressed concerns about the dissemination of their proprietary or trade secret information.  In light of the privacy concerns of non-parties, and in order to assure that the defendants have access to all necessary discovery without burdening the Court or prolonging the pretrial proceedings, the government requests that the Court enter a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, directing that the defendants and their counsel not disclose or display certain of the discovery materials to third parties other than for use at trial or in preparation for trial.  The government submits that this order is appropriate in order to ensure a fair and prompt trial to the parties in this matter, and to protect the interests of non-parties who

supplied records pursuant to grand jury subpoena. Counsel for the defendants have advised that they join the government's motion for a protective order in this case.

## I.    <u>BACKGROUND</u>

On October 23, 2014, Devos LTD d/b/a "Guaranteed Returns," ("Guaranteed Returns"), Dean Volkes, Donna Fallon, and Ronald Carlino were indicted by a federal grand jury. Guaranteed Returns and Dean Volkes were charged with mail fraud, wire fraud, and theft of government property; together with Donna Fallon, Guaranteed Returns and Volkes were also charged with laundering the proceeds of those crimes. All parties were charged with obstruction of justice, making false statements to federal agents, and conspiring to obstruct justice and make false statements.

The government is preparing to make discovery available to defense counsel. This discovery includes information provided by third parties who deemed the information confidential. Discovery in this matter will, at a later date, also include transcripts of grand jury testimony, interview reports, bank records, and correspondence among individuals. The initial discovery prepared by the government contains documents provided by third parties pursuant to grand jury subpoena. Many of these parties asserted that their responsive documents contained confidential material and asserted that some of the materials were commercially sensitive and viewed as trade secrets. Accordingly, they requested that their responses not be made public.

## II.   <u>LEGAL ANALYSIS</u>

The Court should enter a protective order that limits review of certain designated discovery materials to the defendants, their counsel, and others assisting defendants in

preparation for trial, and restricting the use of those designated materials to preparation for trial.[1]

Such an order is appropriate to protect the rights of third parties that responded to grand jury

subpoenas and to assure that the defendants – and the public – have the opportunity for a full,

fair and speedy public trial.  At the same time, as will be addressed below, there is no

countervailing public right of access to the discovery materials.

>    **A.     A Protective Order Is Appropriate with Respect to Designated Items of Discovery in this Case.**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides:  "At any time

the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other

appropriate relief."  Prior to 1966, discovery in criminal cases was quite limited.  In expanding

the government's obligation of providing discovery, the drafters added this provision to allow the

Court to protect against abuse.  The 1966 Advisory Committee stated:

> This subdivision gives the court authority to deny, restrict or defer discovery upon
> a sufficient showing.  Control of the abuses of discovery is necessary if it is to be
> expanded in the fashion proposed in subdivisions (a) and (b).  Among the
> considerations to be taken into account by the court will be the safety of witnesses
> and others, a particular danger or perjury or witness intimidation, the protection of
> information vital to the national security, and the protection of business
> enterprises from economic reprisals.

The Supreme Court shortly thereafter confirmed that "the trial court can and should, where

appropriate, place a defendant and his counsel under enforceable orders against unwarranted

disclosure of the materials which they may be entitled to inspect."  *Alderman v. United States,*

394 U.S. 165, 185 (1969).

---

[1]  As the government's proposed form of order makes clear, the term "trial" comprehends not
only the adjudication of the government's claims by a jury but also all reasonably associated
proceedings, such as hearings and sentencings.

3

The circumstances of this case provide "good cause" for entry of the proposed order limiting the use and disclosure of designated discovery materials.  A protective order will serve the fundamental interest of the Court and the parties in prompt and efficient discovery, and the interests of the public in a speedy and public trial, while affording third parties the privacy they requested in connection with responding to grand jury subpoenas.

Third parties that provide information pursuant to a grand jury subpoena have a right to rely on the secrecy provisions of Federal Rule of Criminal Procedure 6(e) in providing that information.  *United States v. RMI Company,* 599 F.2d 1183 (3d Cir. 1979).  If the records provided pursuant to subpoena are to be made public during criminal discovery, such parties have a right to be heard on privacy concerns.  *Id.* at 1188.   Numerous third party manufacturers have requested that the records they provided to the government be treated as "confidential," asserting that they contained sensitive business information, some of which would constitute trade secrets.  The government is prepared to turn over approximately 50 Gigabytes of information (comprising more than 500,000 pages of documents if printed) including materials provided pursuant to such requests.  In the absence of umbrella protection of these materials, the government would be required to conduct a comprehensive review of the vast majority of documents provided by third parties in order to determine which pages would need to be redacted in order to protect information, and then give third parties the opportunity to seek judicial review of any items that the third party believed merited greater protection than the government had designated.  Such a course would result in significant delay.  However, the entry of a protective order permits the government to immediately provide the defense with access to these materials, and thereby furthers all parties' interest in prompt discovery.

4

B.      **There Is No Public Right of Access to Discovery Materials.**

While entry of a protective order in this case serves important interests of the public and the parties, there is no countervailing public right of access to any of the discovery materials at this time.  Thus, the balance of relevant interests plainly supports umbrella protection of the designated discovery materials in the case.

The absence of a public right to inspection of discovery is established by the Supreme Court's decision in *Seattle Times Co. v. Rinehart*, 467 U.S. 20 (1984).  That was a civil action for defamation brought by a religious group and its leader against newspapers and their employees.  The trial court ordered the plaintiffs, during discovery, to disclose information regarding donations to the religious group.  The court further entered a protective order, under state rules largely identical to those which apply in federal civil proceedings, precluding the defendants from publishing or using the information in any way other than to prepare for trial and try the case.  In affirming this order, the Supreme Court first observed that, through the civil discovery process, parties often obtain private information.

> The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach.  Under the Rules, the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action.  Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties.

*Id.* at 30.  At the same time, the Court stated, there is no public right of access to discovery under the First Amendment, as this process has traditionally not taken place in public.

> [P]retrial depositions and interrogatories are not public components of a civil trial.  Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice.  Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.  Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

*Id.* at 32 (footnote and citations omitted).

The Supreme Court's conclusion -- that "[b]ecause of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)" -- applies with equal and perhaps greater force in a criminal matter.[2]  In a civil matter, much of pretrial discovery, such as depositions and interrogatories, occurs with the participation of counsel and the possibility for significant court oversight, which may mitigate the disclosure of impertinent material.  A criminal investigation, in contrast, necessarily occurs independently, as government agents conduct interviews and prosecutors examine witnesses before the grand jury outside the presence of counsel. Prosecutors have authority to broadly subpoena the production of any records that may be considered useful by an inquisitive grand jury.[3]  There is thus a greater possibility in the

---

[2]  *See United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.").  Rule 26 of the Federal Rules of Civil Procedure is similar to Criminal Rule 16(d)(1) in providing that "for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

[3]  The Supreme Court has explained the grand jury's broad authority as follows:

> Because its task is to inquire into the existence of possible criminal conduct and to return only well-founded indictments, its investigative powers are necessarily broad.  "It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime." *Blair v. United States*, 250 U.S. 273, 282 [] (1919).  Hence, the grand jury's authority to subpoena witnesses is not only historic, *id.*, at 279-281, . . . but essential to its task.  Although the powers of the grand jury are not unlimited and are subject to the supervision of a judge, the longstanding principle that "the public . . . has a right to every man's evidence," except for those persons protected by a constitutional, common-law, or statutory privilege, is particularly applicable to grand jury proceedings.

criminal context that government files will contain sensitive material that will never see the light of a trial.  Further, the stigma associated with involvement or mention in a criminal matter is typically more prejudicial, counseling caution in disclosure of investigatory files.

Thus, the Supreme Court's conclusion in *Seattle Times* is perhaps even more compelling in a criminal case:

> There is an opportunity . . . for litigants to obtain -- incidentally or purposefully -- information that not only is irrelevant but if publicly released could be damaging to reputation and privacy.  The government clearly has a substantial interest in preventing this sort of abuse of its processes.
>
> . . . .
>
> The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.  The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.

Id. at 35-36.

In sum, the *Seattle Times* opinion establishes the absence of any public right that would offset the strong interests served by the proposed protective order.  As a result, a broad protective order is available and appropriate simply because, as discussed above, there is "good cause" for that action.

---

*Branzburg v. Hayes*, 408 U.S. 665, 688 (1972) (citations omitted).

**III.**     **CONCLUSION**

For the reasons set forth above, there is good cause in this matter for entry of the proposed protective order.   It will help to ensure an efficient discovery process, and will allow the disclosure of information promptly while avoiding a risk of harm to third parties.

WHEREFORE, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Paul G. Shapiro
NANCY RUE
PAUL G. SHAPIRO
Assistant United States Attorneys

8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED RETURNS** | : | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| **RONALD CARLINO** | : | |

**JOINT MOTION FOR A PROTECTIVE ORDER**

       The United States of America, by its attorneys, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, and Nancy Rue and Paul G. Shapiro, Assistant United States Attorneys, respectfully moves to admit certain evidence at trial in this matter.  In support of this motion, the government avers as follows:

       1.      On October 23, 2014, Devos LTD d/b/a Guaranteed Returns ("Guaranteed Returns"), Dean Volkes, Donna Fallon, and Ronald Carlino were indicted by a federal grand jury.  Guaranteed Returns and Dean Volkes were charged with mail fraud, wire fraud, and theft of government property; together with Donna Fallon, Guaranteed Returns and Volkes were also charged with laundering the proceeds of those crimes.  All parties were charged with obstruction of justice, making false statements to federal agents, and conspiring to obstruct justice and make false statements.

       2.      The government is preparing to make discovery available to defense counsel.  This discovery includes information provided by third parties who deemed the information confidential.

3.      For the reasons stated in the memorandum of law filed contemporaneously with this motion, the United States seeks the entry of a protective order pursuant to Federal Rule of Criminal Procedure 16 to promote a full, fair, and speedy public trial; to protect the confidentiality interests of third parties; and to conserve judicial resources as well as the resources of the parties.

4.      Counsel for defendants have reviewed the proposed form of order and have represented that they join in the government's motion.

WHEREFORE, for the reasons outlined in that memorandum, and subject to the limitations discussed there, the government requests that its motion for a protective order be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Paul G. Shapiro
NANCY RUE
PAUL G. SHAPIRO
Assistant United States Attorneys

2

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have caused to be delivered by electronic filing with the

Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), or by United

States mail, postage prepaid, a true and correct copy of the Government's Motion for a

Protective Order, to the following counsel of record in this matter.

**See Attached Service List**

<u>s/ Karen Dodd</u>
Karen Dodd, Legal Assistant
Office of the United States Attorney

Dated: December 2, 2014

**Counsel for Defendant Devos Ltd. d/b/a Guaranteed Returns**

Andrew Seth Harris, Esquire
Douglas E. Grover, Esquire
Schlam Stone & Dolan LLP
26 Broadway, 19th Floor
New York, NY 10004
Email: aharris@schlamstone.com
Email: dgrover@schlamstone.com

William J. Winning, Esquire
Megan Susan Scheib, Esquire
Cozen and O'Connor
1900 Market Street, 4th Floor
Philadelphia, PA 19103-3527
Email: wwinning@cozen.com
Email: mscheib@cozen.com

**Counsel for Defendant Dean Volkes**

Elkan Abramowitz, Esquire
Miriam Glaser, Esquire
Robert M. Radick, Esquire
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017
Email to: eabramowitz@maglaw.com
Email to: mglaser@maglaw.com
Email to: rradick@maglaw.com

Megan Susan Scheib, Esquire
Cozen and O'Connor
1900 Market Street, 4th Floor
Philadelphia, PA 19103-3527
Email: mscheib@cozen.com

**Counsel for Defendant Donna Fallon**

Robert J. Cleary, Esquire
William C. Komaroff, Esquire
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Email: wkomaroff@proskauer.com

2

Megan Susan Scheib, Esquire
Cozen and O'Connor
1900 Market Street, 4th Floor
Philadelphia, PA 19103-3527
Email: mscheib@cozen.com

**Counsel for Defendant Ronald Carlino**

Richard Q. Whelan, Esquire
Palmer Biezup & Henderson LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
Email: rwhelan@pbh.com

Thomas M. Russo, Esquire
Freehill Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005
Email to: russo@freehill.com