# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED RETURNS** | : | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| **RONALD CARLINO** | : | |

## <u>COMPLEX CASE ORDER</u>

AND NOW, on this    day of _____, 2014, upon consideration of the
Government's Motion for Complex Case Designation, it is hereby ORDERED that the
government's motion is GRANTED.  Trial is scheduled for _____.  A status
conference will be held on_____.

BY THE COURT:

_____
HONORABLE PETRESE B. TUCKER
CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED** | : | |
| **RETURNS** | | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| **RONALD CARLINO** | : | |

**SPEEDY TRIAL ACT ORDER**

AND NOW, on this      day of _____, 2014, upon consideration of the

Government's Motion for Complex Case Designation, the Court FINDS as follows:

1)      This case is so unusual and complex due to the nature of the prosecution and the

number of witnesses and documents that it is unreasonable to expect adequate preparation for

pretrial proceedings or for the trial itself within the time limitations established by the Speedy

Trial Act, 18 U.S.C. §3161 *et seq.*, taking into account the exercise of due diligence.  *See* 18

U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv).

2)      This case is unusual and complex for the following reasons:

a.      The 45-page, 44-count indictment filed on October 23, 2014 charges violations of seven separate federal criminal statutes: 18 U.S.C. §§ 371 (conspiracy), 1341 and 1343 (mail and wire fraud), 641 (theft of government property), 1512(c)(1) (obstruction of an official proceeding by destroying evidence), 1519 (destroying evidence to obstruct a federal investigation), 1001 (false statements), and 1956(h) (money laundering conspiracy).

b.      The criminal activities charged in the indictment occurred over a period of almost twelve years and allegedly involved not only the individual defendants and the defendant corporation, but also a number of unindicted employees of the company.

c.      The criminal actions charged in the indictment involved the use of sophisticated technology that was allegedly designed to delete and permanently erase all traces of electronic evidence.  The methods allegedly used were complex and involved computer skills that are in many respects beyond the knowledge or expertise of the average layperson.

d.      In the government's estimation, the government's evidence at trial will require approximately three to four weeks and the government is not sure of the extent of time required by the defense.  The government expects to call a minimum of 20 witnesses to testify at trial, excluding records custodians.  There are several hundred exhibits that the government will offer into evidence at trial.

e.      A voluminous quantity of potential Rule 16 discovery materials exist, including, among others, more than 50 gigabytes (estimated at about 500,000 pages) of data from third party manufacturers, 300 boxes of records seized from the corporate defendant, voluminous electronic records seized from the defendants, in addition to grand jury transcripts, and agent interview reports.  The coordination and production of this voluminous quantity of discovery materials will take a significant amount of time.

3)      This case is also unusual and complex due to the nature of the illegal activity charged.  The underlying fraud involves a complex chain of distribution involving not only the defendants and their victims, but several layers of intermediaries.  There is also charged a complex and widespread conspiracy to obstruct justice by systematically destroying electronic evidence in order to thwart the federal criminal investigation into the underlying fraud.  It is unreasonable to expect adequate and effective preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act taking into account the exercise of due diligence.

4)      These factors and the ends of justice outweigh the public and the defendants' interest in a speedy trial.  <u>See</u> 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i), (ii) and (iv).  The ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act.

5)      It is ORDERED, pursuant to 18 U.S.C. § 3161(h)(7)(A) that this case is

CONTINUED beyond the time limits established by the Speedy Trial Act.


BY THE COURT:


_____

HONORABLE PETRESE B. TUCKER
CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED RETURNS** | : | |
| **DEAN VOLKES** | : | |
| **DONNA FALLON** | | |
| **RONALD CARLINO** | : | |

**MOTION FOR COMPLEX CASE DESIGNATION**

      The United States of America, by its attorneys, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, and Nancy Rue and Paul G. Shapiro, Assistant United States Attorneys, respectfully requests that the Court designate this case as complex within the meaning of the Speedy Trial Act.

      In support of this motion, the government makes the following representations:

      1.     On October 23, 2014, Devos LTD d/b/a Guaranteed Returns ("Guaranteed Returns"), Dean Volkes, Donna Fallon, and Ronald Carlino were indicted by a federal grand jury.  Guaranteed Returns and Dean Volkes were charged with mail fraud, wire fraud, and theft of government property; together with Donna Fallon, Guaranteed Returns and Volkes were also charged with laundering the proceeds of those crimes.  All parties were charged with obstruction of justice, making false statements to federal agents, and conspiring to obstruct justice and make false statements.

3.     This case is so unusual and complex due to the nature of the prosecution and the number of witnesses and documents that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limitations established by the Speedy Trial Act, 18 U.S.C. §3161 et seq., taking into account the exercise of due diligence.  See 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i), (ii) and (iv).

4.     This case is unusual and complex for the following reasons:

a.     The 45-page, 44-count indictment filed on October 23, 2014 charges violations of seven separate federal criminal statutes: 18 U.S.C. §§ 371 (conspiracy), 1341 and 1343 (mail and wire fraud), 641 (theft of government property), 1512(c)(1) (obstruction of an official proceeding by destroying evidence), 1519 (destroying evidence to obstruct a federal investigation), 1001 (false statements), and 1956(h) (money laundering conspiracy).

b.     The criminal activities charged in the indictment occurred over a period of almost twelve years and allegedly involved not only the individual defendants and the defendant corporation, but also a number of unindicted employees of the company.

c.     The criminal actions charged in the indictment involved the use of sophisticated technology that was allegedly designed to delete and permanently erase all traces of electronic evidence.  The methods allegedly used were complex and involved computer skills that are in many respects beyond the knowledge or expertise of the average layperson.

2

   d. In the government's estimation, the government's evidence at trial will require approximately three to four weeks and the government is not sure of the extent of time required by the defense.  The government expects to call a minimum of 20 witnesses to testify at trial, excluding records custodians.  There are several hundred exhibits that the government will offer into evidence at trial.

   e. A voluminous quantity of potential Rule 16 discovery materials exist, including, among others, more than 50 gigabytes (estimated at about 500,000 pages) of data from third party manufacturers, 300 boxes of records seized from the corporate defendant, voluminous electronic records seized from the defendants, in addition to grand jury transcripts, and agent interview reports. The coordination and production of this voluminous quantity of discovery materials will take a significant amount of time.

  5. This case is also unusual and complex due to the nature of the illegal activity charged.  The underlying fraud involves a complex chain of distribution involving not only the defendants and their victims, but several layers of intermediaries.  There is also charged a complex and widespread conspiracy to obstruct justice by systematically destroying electronic evidence in order to thwart the federal criminal investigation into the underlying fraud.  It is unreasonable to expect adequate and effective preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act taking into account the exercise of due diligence.

  6. Government counsel has conferred with defense counsel regarding its requests for complex case designation and a continuance of the trial date.  Counsel have stated

that they agree to a postponement of the December 15, 2014 trial date and that the case should be designated complex.  Defense counsel, however, do not agree with the form of the government's motion and do not join in this motion.

       7.    The government believes that these factors and the ends of justice outweigh the public and the defendants' interest in a speedy trial.  <u>See</u> 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i), (ii) and (iv).  The ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act.

       According, the government respectfully requests pursuant to 18 U.S.C. § 3161(h)(7)(A) that the government's motion be granted and the case be CONTINUED beyond the time limits established by the Speedy Trial Act.


       Respectfully submitted,

       ZANE DAVID MEMEGER
       United States Attorney


       <u>/s/ Paul G. Shapiro</u>
       NANCY RUE
       PAUL G. SHAPIRO
       Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused to be delivered by electronic filing with the

Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), or by United

States mail, postage prepaid, a true and correct copy of the Government's Motion for Complex

Case Designation, to the following counsel of record in this matter.

**See Attached Service List**

<u>s/ Karen Dodd        </u>
Karen Dodd, Legal Assistant
Office of the United States Attorney

Dated: December 9, 2014

**Counsel for Defendant Devos Ltd. d/b/a Guaranteed Returns**

Andrew Seth Harris, Esquire
Douglas E. Grover, Esquire
Schlam Stone & Dolan LLP
26 Broadway, 19th Floor
New York, NY 10004
Email: aharris@schlamstone.com
Email: dgrover@schlamstone.com

**Counsel for Defendant Dean Volkes**

Elkan Abramowitz, Esquire
Miriam Glaser, Esquire
Robert M. Radick, Esquire
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017
Email to: eabramowitz@maglaw.com
Email to: mglaser@maglaw.com
Email to: rradick@maglaw.com

**Counsel for Defendant Donna Fallon**

Robert J. Cleary, Esquire
William C. Komaroff, Esquire
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Email: wkomaroff@proskauer.com

**Counsel for Defendant Ronald Carlino**

Richard Q. Whelan, Esquire
Palmer Biezup & Henderson LLP
190 N. Independence Mall West, Suite 401
Philadelphia, PA 19106
Email: rwhelan@pbh.com

Thomas M. Russo, Esquire
Freehill Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005
Email to: russo@freehill.com