**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT-01** |
| **DEVOS LTD. D/B/A GUARANTEED RETURNS** | : | |

## PROTECTIVE ORDER

This matter being presented to the Court on the motion of the defendant to compel production of certain statements pursuant to Federal Rule of Criminal Procedure ("Rule") 16(a)(1)(C); the Court having considered the defendant's motion, the government's response, as well as the *ex parte* affidavit in support of the response; the Court concludes that while certain material is, as the government concedes, discoverable, the government has met its burden of showing that there is good cause to defer production of the Rule 16(a)(1)(C) statements to protect prospective witnesses from harassment and intimidation; and the Court having further considered the possibility of ordering current production of the Rule 16(a)(1)(C) statements on a redacted basis, and/or ordering that a list of those statements be produced at this time, but concluding that such actions are not feasible in this instance without undermining the effect of the protective order to be issued; and good cause appearing,

IT IS ON THIS _____ day of _____, 2015,

ORDERED that the motion of the United States for a protective order (Docket No. ___) is GRANTED, and accordingly, the United States is PROTECTED from current

production of the Rule 16(a)(1)(C) statements that are the subject of this motion and shall

produce the statements of those persons covered by Rule 16(a)(1)(C) whom  the

government intends to call as witnesses no later than 3 weeks before the date scheduled

for jury selection in this case.

BY THE COURT:

_____

HONORABLE PETRESE B. TUCKER
*Chief Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-574-PBT** |
| **DEVOS LTD. D/B/A GUARANTEED RETURNS** | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL, AND REQUEST FOR A PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Nancy Rue and Jennifer C. Barry, Assistant United States Attorneys, respectfully oppose the Motion to Compel filed by defendant Devos Ltd., d/b/a Guaranteed Returns ("GRX") and move this Court to issue a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) deferring the disclosure to defendant GRX of documented statements made by certain GRX employees or agents until such time as the Court determines, but not earlier than 21 days before trial of this matter. The Government submits that there are compelling reasons warranting deferred production of these statements to defendant GRX. In support of this motion, the Government states the following:

## I.   Factual Background

In 2008, special agents from Department of Defense, Defense Criminal Investigative Service (DCIS) were investigating the theft of funds owed to the United

States under a contract with GRX.  In the course of that investigation, a grand jury

subpoena was served on defendant Dean Volkes, the owner and Chief Executive Officer

(CEO) of GRX, for all records related to the contract between GRX and the Department

of Defense (the DoD contract).  Dean Volkes then arranged for the investigating agents to

speak with the Chief Financial Officer (CFO), co-defendant Donna Fallon, to coordinate

GRX's compliance with the subpoena, as well as John Gionis, the attorney representing

GRX.

Certain records related to the DoD contract were produced by GRX pursuant to

the subpoena, but Fallon and Gionis told DCIS that the majority of records requested did

not exist.  The DCIS agent specifically requested the inventory records that would show

all products received from DoD entities from the inception of the contract and all the

funds that were received by GRX on behalf of DoD in order to reconcile the DoD

contract from inception to the time of the stolen funds.  The DCIS agent also requested

all email communications related to the contract.   Fallon and Gionis told DCIS that these

records did not exist.  Specifically, they told DCIS that inventory records were only

maintained for three years and email communications were not retained.  DCIS then

specifically requested the hard drives of two former employees who had worked on the

contract.  Fallon and Gionis told the agent that the hard drives had not been retained.

A. Defendants obstructed justice.

In actuality, the records that DCIS had specifically requested were available at

GRX at the time of the request, but GRX management did not want to produce them

because the records demonstrated that GRX had been stealing from the government.

2

Accordingly, rather than comply with the subpoena by producing them, Dean Volkes instructed three employees in the IT department to delete the inventory records that were more than three years old. Likewise, a GRX employee provided Donna Fallon with two of the hard drives that the DCIS agent had specifically asked about, and these contained the email communications of the employees inquired about by DCIS. However, Donna Fallon hid these hard drives in her credenza in her office, and did not produce them to DCIS.

B.  The purpose of the obstruction was to prevent the government from uncovering the indate scheme.

As detailed in the indictment, the records that the government sought demonstrated that GRX had been diverting unexpired – "indate" – products that had been returned to it for credit, warehousing them until they expired, and then returning them to manufacturers for refund. However, rather than pay the refunds to their customers, GRX was keeping the refunds for itself. The government has spoken to current and former personnel associated with GRX and these persons have stated that the indate scheme was directed by Dean Volkes, the CEO of GRX, and Donna Fallon, the CFO of GRX, as well as others. The witness statements have also indicated that persons who questioned the indate scheme were fired or demoted.

II.    Limited Request for Deferral of Discovery

The Government respectfully requests, given the facts set forth in the Indictment and in this motion, that the Court defer production of certain witness statements pursuant to Rule 16(d)(1). This request is limited only to statements made by any current and

3

former GRX personnel whom the Government contends "was personally involved in the alleged conduct constituting the offense and was legally able to bind" defendant GRX. Fed. R. Crim. P. 16(a)(1)(C)(ii). Thus, the scope of the Government's request consists only of a small portion of material that is required to be disclosed under Rule 16.

The disclosure of this limited set of statements poses concerns that the defendants in this case may attempt to intimidate or otherwise tamper with witnesses, having done so in the past. Accordingly, the Government submits that such disclosure could compromise both the ongoing investigation and the Government's ability to bring the indicted case to trial.

III.     The Court Has the Authority to Limit Discovery and Should Do So in this Case

Absent a protective order, defendant GRX, as a corporate entity, is entitled to discovery of employee or agent statements in very limited circumstances. As the Third Circuit has explained in *United States v. Maury,* 695 F.3d 227, 253 (3d Cir. 2012), the statements are discovery only for persons whom the Government contends:

> (1) [were], at the time of making the statement, so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to the subject of the statement; or

> (2) [were], at the time of the offense, personally involved in the alleged conduct constituting the offense *and* so situated as a director, officer, employee or agent as to have been *able to legally bind the defendant in respect to that alleged conduct.*

*Id.* at 253 (emphasis by the Court).

As explained by the Third Circuit, under this Rule, two categories of persons can

4

make statements that are sufficient to bind the corporation, which are thus discoverable under Rule 16(a)(1)(C):  "(1) representatives, or individuals who have the power to bind an organization by virtue of their authority to make statements on the subject on behalf of the organization, *see* Fed.R.Crim.P. 16(a)(1)(C)(i); and (2) employees who engage in illegal conduct within the scope of their jobs and then make some statement about having done so, *see* Fed.R.Crim.P. 16(a)(1)(C)(ii)." *Id.*

Where such statements are required to be provided, the government need only provide the portion of the statement specifically relating to "admissions about having engaged in a form of conduct on behalf of the Company." *Id.* at 254.  To the extent that a person provides general, fact based statements about the corporation, such statements are not discoverable until the deadline for providing *Jencks* material, *id.,* consistent with the Third Circuit's longstanding direction that  Rule 16 "is not to be used as a tool for general evidence-gathering prior to trial."  *Id. (*quoting *United States v. Randolph,* 456 F.2d 132, 136 (3d Cir.1972) ("Rule 16 does not require the prosecution to disclose 'all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present.' ") and *United States v. Fioravanti,* 412 F.2d 407, 411 (3d Cir.1969)).

Rule 16(d)(1) provides, however, that "[a]t any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Thus, the Court is allowed to deny discovery of statements that are expressly required to be disclosed under Rule 16,  including material that is otherwise required to be produced under Rule 16(a)(1)(C) as an organization's "own" testimony.  *United States v. Maury*, 695 F.3d at 249-50; *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987); *United*

*States v. White Ready-Mix Concrete Co.*, 449 F. Supp. 808, 812 (N.D. Ohio 1978). While

the statements of an individual covered under Rule 16(a)(1)(C) are conceptually that of

the organization, "this does not preclude the Court's consideration of the concerns of the

witnesses in relation to such discovery in exercising its discretion under . . . Rule

16(d)(1)." *Id.* The Conference Report to an earlier version of Rule 16 contemplated this

very type of discretion available to the Court:

> The Conferees decided that, on balance, a defendant organization
> should not be entitled to the relevant grand jury testimony of a
> former officer or employee in every instance. However, a defendant
> organization should be entitled to if the former officer or employee
> was personally involved in the alleged conduct constituting the
> offense and was so situated as to have been able to legally bind the
> defendant in respect to the alleged conduct. The Conferees note that,
> even in those situations where the rule provides for disclosure of the
> testimony, the Government may, upon a sufficient showing, obtain a
> protective or modifying order pursuant to Rule 16(d)(1).

Conference Committee Notes, H.R. Rep. No. 94-414 (1975), 18 U.S.C.A., Fed. R. Crim.

P. Rule 16, Notes 202 (West 1986). These statements within the Conference Report

"clearly anticipate the potential applicability of the restrictive provisions of Rule 16(d)(1)

to otherwise produceable [witness testimony] constituting an organization's 'own'

testimony under [Rule 16(a)(1)(C)]." *White Ready-Mix Concrete Co.*, 449 F. Supp. at 812

n. 4.

Rule 16(d)(1) empowers the Court to limit, condition, or absolutely prohibit any

disclosure of statements that are required to be disclosed under Rule 16 when the safety

of witnesses is at issue, or for any other compelling reason. *See Maury*, 695 F.3d at 252

& n.22; *United States v. Roberts*, 793 F.2d 580, 587 (1986), *rev'd on other grounds*, 811

F.2d 257 (4th Cir. 1987) (holding that although the statements of co-conspirators were required to be disclosed under Rule 16, nevertheless, the courts are still empowered to limit those statements through the use of protective orders); *United States v. Gallo,* 654 F. Supp. 463, 479 (E.D.N.Y. 1987). The need to protect witnesses who cooperate with the Government is especially compelling where those witnesses live in fear of retaliation for providing evidence to the Government.  *United States v. Mills*, 641 F.2d 875, 790 (9th Cir. 1981). Failure to protect such witnesses will discourage future cooperation with the Government.  *Id.*  Witness safety and the probability of undue intimidation are valid reasons to restrict the discovery of Government witnesses. *United States v. Higgs*, 713 F.2d 39, 45 (3d Cir. 1983); *see also Government of Virgin Islands v. Martinez*, 847 F.2d 125, 128 (3d Cir. 1988); *United States v. Pelton*, 578 F.2d 701, 706-07 (8th Cir. 1978). If there is a real danger that the defendants themselves, or other members of their organization, may attempt to make improper attempts to influence a Government witness before trial, then a protective order under Rule 16(d)(1) is proper. *United States v. Aiken*, 76 F. Supp.2d 1339, 1343 (S.D. Fla. 1999).

The statements at issue should not be discoverable by defendant GRX at this time because of the substantial likelihood that defendant GRX will attempt to obstruct justice through coercing or enticing witnesses into changing their testimony or not testifying. As set forth in the Indictment, GRX was previously aware of data that was relevant to the Government for its investigation, and defendant GRX, through its owner and top officers, destroyed data rather than turn it over.  As detailed in the Affidavit, submitted *ex parte* and under seal, personnel associated with GRX have been terminated or demoted when

they challenged the actions of Volkes in connection with the indate scheme.  While

defendant Volkes himself has temporarily ceded his CEO powers to others, he continues

to own the company, he continues to have access to the corporate computer systems, and

close family members and friends, including his brother, continue to occupy high ranking

positions in GRX.

Considering defendant GRX's past actions, and given that defendant GRX has

already been indicted for obstruction of justice and making false statements, the Court

should grant the Government's request for a protective order delaying discovery of the

statements in question. Defendant GRX's past obstructive behavior provides a

compelling reason to delay the disclosure of these statements in order to preserve the

accuracy of the witness testimony which will "ensure the effective administration of the

criminal justice system." *Higgs*, 713 F.2d at 44, n. 6. There is a legitimate concern that

defendant GRX will resort to retaliatory and coercive means to deter its employees from

cooperating with the Government.  This is a valid reason for the Court to issue a

protective orders, and failure to do so may discourage employee cooperation with the

Government in the future.

IV.    GRX Would Suffer No Prejudice from the Requested Relief

The essence of the charges in the Indictment against GRX are based on the

specific conduct of its top management:  owner and CEO Dean Volkes, CFO Donna

Fallon, and IT manager Ronald Carlino, all co-defendants.  The essential conduct that

GRX is accused occurred at the specific direction of Volkes and Fallon, and their

statements have already been provided.  Therefore, defendant GRX is already on notice of the most critical aspects of the case against the company.

Should the Court issue the requested order, defendant GRX would suffer no prejudice from the delay in producing these materials. The amount of material subject to deferred production is small in relation to the amount of total discovery in this case. The material at issue consists of a narrow set of statements that are arguably discoverable under Rule 16(a)(1)(C)(ii).

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/Nancy Rue
Nancy Rue
Jennifer C. Barry
Assistant United States Attorneys

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Opposition to Defendant's Motion to Compel and Request for a Protective Order was served by the Electronic Court Filing System on all counsel of record.

<div style="margin-left: 40%;">

/s/Nancy Rue
Nancy Rue
Assistant United States Attorney

</div>