IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 14-574-PBT-01 |
| DEVOS LTD. D/B/A GUARANTEED RETURNS | : |

**UNITED STATES' RESPONSE TO DEFENDANT'S REPLY TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

The government has moved for a protective order (Docket 82), permitting it to withhold certain statements of the corporate defendant, Devos Ltd d/b/a Guaranteed Returns (GRX), until closer to the time of trial, in order to prevent GRX from attempting to coerce or intimidate witnesses to change their testimony or refuse to testify, and to prevent GRX from retaliating against persons for adverse testimony already provided.

In response to the government's motion (Docket 86), GRX makes three arguments.  First, GRX asserts that intimidation is not a realistic threat.  The company asserts that there cannot be any realistic threat of intimidation to current employees because Dean Volkes is no longer running GRX, and there cannot be intimidation of former employees because persons who were fired for cooperating with the government have already lost their jobs, and therefore, "these people can suffer no greater harm." Second, GRX asserts that there is no apposite authority for issuing a protective order in the absence of threats of violence.  Finally, GRX contends that it is improper for the Court to consider the government's *ex parte* affidavit in connection with this motion.

GRX's opposition has no merit.

### Intimidation of Witnesses is a Realistic Threat.

As set forth in the Affidavit filed with the government's motion (Docket __) as well as the Supplemental Affidavit filed with this response, the government asserts that there has been a pattern and practice of intimidating persons at GRX, and neither the indictment nor GRX's changes in management has abated this concern.

The government's further response on this point is submitted *ex parte, underseal*, in a separate document.

### Financial Intimidation is Grounds for a Protective Order

GRX asserts that a protective order is not applicable in a white collar case where there have been no threats of violence.  However, in the primary case relied on by the government in support of its motion, *United States v. Maury*, 695 F.3d 227 (3d Cir. 2012)(precedential), the Third Circuit Court of Appeals affirmed the delayed production of a corporate defendant's "statements" in exactly those circumstances.  In *Maury*, a jury convicted a corporation, Atlantic States Cast Iron Pipe Company, and four of its managers, Jeffrey Maury, Craig Davidson, John Prisque, and Scott Faubert, of conspiring to commit environmental and safety violations, and then conspiring to cover up or impede investigation of those violations.  The district court issued a protective order delaying the disclosure of statements of the corporation under Rule 16(a)(1)(C), based on testimony by individuals about financial intimidation by their employer.   In its 40 page opinion, the Third Circuit laid out the evidence presented of witness intimidation and obstruction.  Witnesses testified that the managers of the company had threatened their

jobs if they did not assist the company in covering up it violations of the Clean Water Act and OSHA.  First, an employee testified that he told his manager that he did not want to lie.  In response, "Prisque threatened him and said 'You're going do tell them this because your job depends on it.  It's in the best interest of your job.'"  *Id.* at 241.  A worker who was injured at work testified that the company's human resources manager had "threatened to fire him unless he lied about his injuries." *Id.* at 242.  Another employee testified that he had lied to an investigating official "because he wanted to keep his job."  *Id.*  at 243.   There was no reference to any threat of violence to intimidate employees – only that persons were told that they would be fired for telling the truth to investigators.  Nevertheless, the district court granted a protective order, delaying discovery of the corporate defendant's statements in this case until 30 days before trial.  The Third Circuit addressed the district court's actions with approval, noting that Rule 16(d)(1) allows a court to "deny, restrict, or defer discovery . . .  or grant other appropriate relief."  *Id.* at 249.

Here, like in *Maury*, the government does not allege that there are threats of violence against the potential trial witnesses.   That is not the question.   The issue is whether there is good cause to delay discovery.  Threats to a person's ability to earn a living constitute a real threat to the integrity of the justice system.  Accordingly, the government respectfully submits that its motion for protective order should be granted.

## Consideration of Ex Parte Materials is Appropriate

GRX asserts that it is improper for the Court to consider *ex parte* filings in connection with a motion for protective order.   This assertion has no merit.   Submission

3

of *ex parte* materials in connection with a motion to delay production is clearly appropriate under these circumstances. The government has followed the procedure which was followed in the *Maury* case, in which the government submitted affidavits in support of its motion *ex parte*. *Maury*, at 249 (noting that the court had viewed the government's affidavits in support of its request as well as the statements themselves *in camera*).

### **Conclusion**

The government respectfully submits that, based on the evidence submitted to the Court, the government has shown that there is good cause to issue the requested protective order. Accordingly, the government respectfully requests that its motion be granted.

                              Respectfully submitted,

                              ZANE DAVID MEMEGER
                              United States Attorney

                              /s/Nancy Rue
                              Nancy Rue
                              Jennifer C. Barry
                              Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I certify that the foregoing United States' Response to Defendant's Reply to Government's Motion For Protective Order was served by the Electronic Court Filing System on all counsel of record.

                                              /s/Nancy Rue
                                              Nancy Rue
                                              Assistant United States Attorney