IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 14-574-PBT |
| DEVOS LTD. D/B/A GUARANTEED RETURNS<br>DEAN VOLKES<br>DONNA FALLON | :<br><br>: |

**GOVERNMENT'S MOTION FOR AN ORDER
SETTING DATE BY WHICH DEFENDANTS MUST DECLARE INTENT
TO PURSUE ADVICE-OF-COUNSEL DEFENSE**

Pursuant to Rules 12(b)(1) and 16(d) of the Federal Rules of Criminal Procedure, the United States of America, by Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Patrick J. Murray and Nancy Rue, Assistant United States Attorneys for the District, hereby seeks an Order setting a date by which the defendants must inform the Court whether (1) they will pursue an advice-of-counsel defense at trial, thereby waiving the attorney-client privilege and allowing the government to discover relevant attorney-client communications; or (2) they will not pursue an advice-of-counsel defense at trial, and will be precluded from doing so having declined to waive the privilege and permit discovery.

## FACTUAL BACKGROUND

A.   **Charges and Allegations**

On October 24, 2014, a federal grand jury returned an indictment charging Devos, Ltd. d/b/a Guaranteed Returns, Dean Volkes, and Donna Fallon with wire fraud, mail fraud, attempt to commit mail or wire fraud, theft of government funds, conspiracy to launder money, conspiracy to obstruct justice, obstruction of justice, and making false statements, in violation of Title 18, United States Code, Sections 1343, 1341, 1349, 641, 1956(h), 371, 1512(c)(1), 1519,

and 1001, respectively.  On February 11, 2016, a federal grand jury returned a superseding indictment against these defendants, charging the same crimes but adding additional counts and factual allegations (the "indictment").

From at least 1999 through at least 2014, Guaranteed Returns managed the returns of pharmaceutical products for healthcare providers, including numerous hospitals, pharmacies, and long-term care facilities, including those operated by the United States Department of Defense and the United States Department of Veterans Affairs.  Dean Volkes was the owner and Chief Executive Officer of Guaranteed Returns, and Donna Fallon was the company's Chief Financial Officer.  Defendants Volkes and Fallon are siblings.

Pharmaceutical manufacturers often allow expired or short-dated drugs to be returned for a refund.  Guaranteed Returns was in the business of handling this process for healthcare provider clients in exchange for a fee based on a percentage of the return value.

The indictment charges that Guaranteed Returns promised its clients that it would hold their "indate" (not yet returnable) drug products until they became returnable and then return them on their clients' behalf, in exchange for a fee.  Instead, according to the indictment, Guaranteed Returns, at CEO Dean Volkes' direction, stole "indate" drug products that it received from its clients, returned the drugs to manufacturers, and kept the refund money.  The indictment also charges that Guaranteed Returns stole a portion of clients' refund money by diverting a percentage of the refund money into internal Guaranteed Returns accounts via a computerized accounting adjustment.  The indictment alleges that through fraud, Guaranteed Returns stole more than $180 million from its clients, including more than $25 million from just four agencies: the Department of Defense, the Department of Veterans Affairs, the District of Columbia

Department of Health, and the Federal Bureau of Prisons. The indictment charges further that the defendants conspired to launder the funds that they obtained from stealing and returning the "indate" drugs and the stolen refund moneys in order to conceal or disguise the nature of the scheme. In addition, the indictment charges that the defendants obstructed justice by withholding and destroying records that were subject to a grand jury subpoena, and lying to federal investigators.

### B.    The Timing of Discovery and the Advice-of-Counsel Defense

The attorney-client privilege, and the possibility that some or all of the defendants may raise an advice-of-counsel defense, are issues that have surfaced several times in this case. Accordingly, a brief history of the documents seized during the investigation and the discovery process is in order.

In April 2011, the government executed court-authorized warrants to search for and seize materials from, among other places, Guaranteed Returns' two business offices. Pursuant to those warrants, the government seized servers and computers, as well as a significant number of hard copy documents. Counsel for the corporation immediately demanded that the government return the servers and computers, and, pursuant to the warrants, these items were imaged and returned to counsel for the corporation within approximately two weeks. During the three years between the seizure and the original October 2014 indictment, neither counsel for the corporation nor counsel for Volkes or Fallon raised any claim of privilege over the seized documents or electronic records.

In January 2015, the government began producing discovery. In February 2015, the government produced the hard copy documents seized from Guaranteed Returns to the

defendants by making them available for their review and copying. Government counsel informed defense counsel that certain hard copy documents had been segregated within the boxes of documents because those particular documents had been identified as potentially privileged. Following this notification, defense counsel reviewed the seized documents and arranged to copy all documents that the defense viewed as relevant. Defense counsel arranged for the boxes of documents to be sent to a copy center in order to protect "work product privilege" regarding the items that the defense had selected for copying. Again, none of the defendants made any assertion of privilege over any of the non-segregated hard copy documents during or subsequent to this review.

On or about July 17, 2015, the government copied the electronic records seized from Guaranteed Returns and produced them to the defendants on multiple hard drives. Meanwhile, on June 25, 2015, a member of the government's filter team provided defense counsel with a disk containing copies of the segregated hard copy documents in order to assist the defendants in making any assertion of privilege that they deemed appropriate with respect to the segregated hard copy documents. In response, on July 24, 2015, defense counsel provided the government with a log asserting privilege over some of these documents, and informed the government filter attorney that the remaining segregated hard copy documents were not privileged. Defendants did not assert privilege over any other items from either the hard copy documents or the electronic materials that the government had produced.

On July 28, 2015, the filter attorney confirmed receipt of the privilege log. *See* Exhibit 1, letter from filter attorney to defense dated July 28, 2015, attached. The filter attorney asked that if defense counsel identified "any other documents in any of the Government's past or future

4

productions that [defense counsel] believe may be privileged, defense counsel should contact the filter attorney immediately.  Exhibit 1.  During the sixteen months following this letter, the defendants did not identify any privileged records in the discovery received from the government.

On October 13, 2015, the defendants moved, among other things, to suppress evidence on various grounds, including an argument based upon what defense counsel asserted were the "contractual terms" on the back of Guaranteed Returns' transmittal forms.  *See* DDE # 109 at 17-23 (arguing that agent affidavits supporting the search warrants did not include "key contractual terms" from the company's return authorization forms and describing this language as the company's "written agreements with its customers").  This argument raised the prospect of a defense based on reliance upon advice of counsel.

As noted above, in February 2016 the grand jury returned a superseding indictment against the defendants.  Immediately after return of the superseding indictment, government counsel contacted defense counsel in order to discuss scheduling of the arraignments and trial.  During this telephone conversation, government counsel asked whether the defendants would be asserting an advice-of-counsel defense.  Defense counsel indicated that they needed an opportunity to confer before responding.

Following renewed briefing, in mid-September 2016, government counsel again inquired whether the defendants would be asserting an advice-of-counsel defense, this time in both a conference call and a letter.  *See* Exhibit 2, letter dated September 14, 2016.  Government counsel explained that they were seeking this information to ensure that the defense was not raised for the first time during or shortly before the trial of this case.  Counsel for defendant

Volkes again responded that defense counsel would need to confer before providing an answer. In this same letter, government counsel asked whether the government had received all of the defendants' privilege claims.  The letter recounted that in July 2015 the government's filter attorney had asked defense counsel to identify any other documents in the government's past or future productions that defense counsel believed were privileged and that defense counsel had not identified any privileged records from the government's discovery productions.  The September 14, 2016 letter requested notification by September 30, 2016, if government's counsel understanding of these facts was mistaken.  Exhibit 2.

On or about October 6, 2016, government counsel followed up regarding whether any of the defendants would be invoking the advice-of-counsel defense.  Counsel for defendant Volkes responded that defense counsel were actively discussing the issue, but had not decided whether the defendants would be asserting an advice-of-counsel defense.  By letter dated October 11, 2016, government counsel requested notification by October 19 regarding whether the defendants would be asserting this defense.  Exhibit 3, attached.

On October 19, 2016, counsel for defendant Volkes, on behalf of all the defendants, responded that the defendants could not provide an answer regarding whether they would be asserting an advice-of-counsel defense.  Exhibit 4.  Defense counsel represented that they were still analyzing the issue but had not yet decided whether any of their clients would be asserting the defense.  Defendant Volkes' counsel further asserted that their clients were under no obligation to provide the government with pretrial notice of their intention to assert an advice-of-counsel defense.  *Id.* (citing cases).  Defense counsel concluded that they intended to respond to the government's inquiry "at an appropriate time."

Since this communication, the defendants have not provided any further information regarding whether or not they will be asserting a reliance defense. It is approximately five weeks before trial is scheduled to start in this case. As discussed below, if the defendants raise a reliance defense, the attorney-client privilege is waived with respect to the subject matter of the defense, and the government is entitled to discover pertinent attorney-client communications. Accordingly, the defendants should be required either to indicate whether they will be asserting this defense in advance of trial, or be barred from raising it during trial.

## ARGUMENT

Equitable and practical considerations underscore the importance of resolving the advice-of-counsel issue early. Discovery with respect to attorney-client communications is not among the easiest types of discovery to conduct. The attorney who provided the advice at issue may wish to retain and consult with his or her own counsel before producing the relevant documents (or agreeing to testify at trial). The attorney may then need to review a broad set of client communications to identify those that relate to the defense at trial, and any still-privileged portions of such communications may need to be redacted. And, even when relations among the government and defense counsel are entirely collegial – as they are here – questions may still arise about the scope of the waiver, and the Court may be called upon to conduct *in camera* reviews of certain documents. In sum, it can be difficult if not impossible to timely conduct the relevant discovery when an advice-of-counsel defense does not arise (and the privilege is not waived) until the middle, or even the beginning, of trial.

### A. <u>Legal Standard</u>

The advice of counsel defense, "based on good faith reliance on an attorney's advice[,] requires full disclosure of all the material facts." *United States v. Martorano*, 767 F.2d 63, 66 (3d Cir. 1985). The defense is meant to be available only to those who, after full and honest disclosure of the material facts surrounding a possible course of action, seek and obtain the advice of counsel on the potential legality of their actions. *United States v. Traitz*, 871 F.2d 368, 382 (3d Cir. 1989). "The defense is not designed to insulate illegal conduct." *Id*. Rather, the defense is designed to lay blame where blame is due. The basis for the reliance on the advice-of-counsel defense is that "in relying on counsel's advice, [a] defendant lacked the requisite intent to violate the law." *United States v. Polytarides*, 584 F.2d 1350, 1353 (4th Cir. 1978), *cited with approval* in *Traitz*, *supra*.[1]

The evidentiary predicate for the defense is that the defendant: (1) consulted an attorney in good faith for the purpose of securing advice on the lawfulness of future conduct; (2) made full and honest disclosure of all material facts surrounding that possible course of action; (3) received advice from the attorney; and (4) in good faith, honestly followed that advice, relying on it and believing it to be correct. *Williamson v. United States*, 207 U.S. 425, 453 (1908). *Accord United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989). Each requirement must be satisfied. *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012).

---

[1] The advice of counsel defense is available only as against specific intent crimes, not general intent crimes. *See, e.g.*, *United States v. Moran*, 493 F.3d 1002, 1012 (9th Cir. 2007) (permitting testimony regarding legal advice received by defendant where willfulness is an element of the offense); *United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005). Accordingly, to the extent that any of the crimes alleged in the superseding indictment are general intent crimes, this defense would be unavailable.

A party asserting that he lacks fraudulent intent because he relied upon the advice of counsel waives the attorney-client privilege with respect to all communications to or from counsel concerning the transactions for which counsel's advice was sought. *See United States v. Bilzerian*, 926 F.3d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."); *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). Thus, if Defendants Guaranteed Returns, Volkes, and/or Fallon defend against the criminal charges in this case by claiming reliance upon advice of counsel, they will have waived the attorney-client privilege concerning what they told their lawyers and what their lawyers told them about the subject matter at issue.

"If [a defendant] supports its denial of the willfulness allegation with a contention or evidence that it relied on advice by legal counsel, then it will be deemed to have waived the attorney-client privilege." *Claffey v. River Oaks Hyundai*, 486 F. Supp. 2d 776, 778 (N.D. Ill. 2007). A defendant may not avoid waiving the privilege by introducing evidence that suggests to the jury, without expressly asserting it, that the defendant relied on the advice of counsel. *Id.* at 778-79 (rejecting defendant's attempt to introduce documents that "would leave a fact finder with the distinct impression that [defendant] relied on advice by counsel on the matters at issue in this case"). "Were [a defendant] allowed to create this impression but still maintain its attorney-client privilege, it would in effect be using the privilege as both a shield and a sword, which is not permitted." *Id.* (citing *Bilzerian*, 926 F.2d at 1292).

Furthermore, in civil cases, courts have made clear that "[a] party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense." *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 891, 894 (S.D.N.Y. 1990) ("Unless [Defendant] makes full and immediate disclosure of all legal opinions . . . it shall be precluded at trial from asserting an advice-of-counsel defense."); *see, e.g.*, *First S. Bank v. Fifth Third Bank, N.A.*, No. CIV.A. 7:10-2097-MGL, 2013 WL 1840089, at *14 (D.S.C. May 1, 2013) ("Either [advice-of-counsel] waiver applies, forcing disclosure of the related materials, or the disclosing party is barred from introducing the disclosed evidence at trial."); *K & S Assocs., Inc. v. Am. Ass'n of Physicists in Med.*, No. 3:09-cv-1108, 2011 WL 12873137 (M.D. Tenn. Dec. 14, 2011) ("Defendant's failure to make a full disclosure of the legal opinions during discovery constitutes a waiver of the advice of counsel defense and consequently, Defendant is precluded from relying on an advice of counsel defense at trial."); *Trouble v. The Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (holding that the "[defendant] waived any available advice of counsel defense by objecting, based on the attorney-client privilege, to [Plaintiff's] discovery requests" and, therefore, the defendant "may not refer to any evidence of advice of counsel"). "Defendants cannot have it both ways; they cannot seek refuge in consulting with counsel as evidence of their good faith yet prevent [the plaintiff] from discovering the contents of the communication." *Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1012 (N.D. Ill. 1993). "Of course, [a defendant] cannot be compelled to waive the attorney-client privilege. If, however, [a defendant] chooses to stand behind the privilege and not permit discovery, then [a defendant] cannot introduce the opinions or testimony of counsel[.]" *Keyes Fibre Co. v. Packaging Corp. of*

*America*, 763 F. Supp. 374, 376 (N.D. Ill. 1991) (citing *Guall v. Wyeth Labs., Inc.*, 687 F. Supp. 77, 83 (S.D.N.Y. 1988)); *Dorr-Oliver*, 834 F. Supp. at 1012 ("[D]efendants must have disclosed the [substance of the] advice of counsel or they are precluded from raising the fact of legal consultation as part of their good faith argument.").

      **B.**      **The Court Should Set a Date by Which Defendants Must Decide Whether They Will Raise an Advice-of-Counsel Defense and Waive the Privilege**

The Court should set a date certain by which the defendants must decide whether they will raise an advice-of-counsel defense at trial, thereby waiving the attorney-client privilege and allowing the government to discover pertinent communications between attorney and client. Setting the date at least two weeks before trial should allow discovery to proceed without disturbing the trial date. It will additionally ensure that the discovery can be conducted without inconveniencing the Court or the jury, as would likely happen if the defendants were allowed to delay their decision until the start or even the middle of trial. As noted above, discovery involving attorney-client communications presents special difficulties and cannot realistically be conducted without advance notice. The Court should therefore exercise the discretion granted to it by Rules of Criminal Procedure 12 and 16, and set a schedule so that discovery relating to this issue can be managed in an orderly fashion.

Defendants, however, have argued that they are under no obligation to provide the government with pretrial notice of their intent to assert an advice-of-counsel defense. Exhibit 4 (citing *United States v. Afremov*, Crim. No. 06-196 (JRT/SRN), 2007 WL 2475972, at *4 (D. Minn. Aug. 27, 2007); *United States v. Lazar*, No. 04-20017, slip op. at 2-3 (W.D. Tenn. Nov. 2, 2004); and *United States v. Espy*, Crim. A. No. 96-198, 1996 WL 560354, at *1 (E.D. La. Oct. 2,

1996)).[2]  While the defendants are correct that absent an order of this Court, they are not obliged to provide the government with pretrial notice of their intent to raise a reliance defense, the Court of course has the power to regulate discovery under Federal Rule of Criminal Procedure 16(d) and prohibit a party from introducing undisclosed evidence.  Moreover, as part of its inherent power to order discovery outside of the Rules of Criminal Procedure, this Court has the ability to set discovery deadlines in its cases.  *See United States v. Edelin*, 134 F. Supp. 2d 45, 48 (D.D.C. 2001) (recognizing that the court has authority to regulate procedure and discovery beyond the scope of the Federal Rules of Criminal Procedure); *United States v. Webster*, 162 F.3d 308, 339 (5th Cir. 1998) ("A district court's decisions in overseeing criminal discovery are entitled to great deference."); *United States v. Taveras*, 233 F.R.D. 318, 319 (E.D.N.Y. 2006) (Weinstein, J.) ("A district court retains inherent power to order discovery as it deems necessary to manage the case so long as its dictates do not violate the defendant's Fifth and Sixth Amendment Rights or other federal law.").  Indeed, the Federal Rules of Criminal Procedure recognize this discretion.  *See* Fed. R. Crim. P. 57(b) (providing that when there is no controlling law, "[a] Judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district"); *see also United States v. Beckford*, 962 F. Supp. 748, 756 (E.D. Va. 1997)

---

[2] These decisions held that the Federal Rules of Criminal Procedure do not require pretrial notice of an advice-of-counsel defense.  The decisions also state that there is no case law to support the government's request for pretrial notification.  A district court in the Northern District of Illinois, however, recently granted just such a request, requiring a defendant to provide written notice to the government regarding any advice of counsel defense two months before trial.  Exhibit 5 (motion and order in *United States v. Tuanqui*, No. 15-cr-00715-1 (N.D. Ill. Sept. 8, 2016)).  Similarly, in August 2005 a magistrate judge in the District of Minnesota ordered defendants to disclose their intent to assert any advice of counsel defense sixty days before trial.  Exhibit 6 (motion and order in *United States v. Wazwaz*, Crim. No. 15-78 (SRN/BRT) (D. Minn. Aug. 3, 2015)).

(noting that "it seems rather clear that the inherent powers of the courts to fashion rules of discovery has been incorporated into Fed. R. Crim. P. 57(b)").

Defendants stated on October 19, 2016 that they intended to provide a response to the government's repeated inquires "at an appropriate time." It is now five weeks before the scheduled start of the trial in this case. Defense counsel have not yet stated whether the defendants will be asserting a reliance defense. Nor have they stated when it will be "an appropriate time." Such a time should certainly be no later than two weeks before trial.

Because the assertion of a reliance defense will necessarily involve discovery and such discovery will likely be substantial and/or complex, the Court should set a date upon which the defendants must decide whether or not they will raise an advice of counsel defense and waive any applicable privileges. Without such an order, the defendants will be able to raise this defense at the start, or even in the middle, of the trial of this case. Such a tardy assertion of this defense would either cause a lengthy delay of the trial or unfair prejudice to the government. Accordingly, the government respectfully requests that the Court employ its inherent power to manage its docket and grant the government's motion.

## **CONCLUSION**

For the foregoing reasons, the government respectfully moves this Court to enter an Order setting a date, approximately two weeks before trial, by which time the defendants must inform the Court whether (1) they will raise an advice-of-counsel defense at trial, thereby waiving the attorney-client privilege and allowing the government to conduct relevant discovery; or (2) they will not pursue an advice-of-counsel defense at trial, and will be precluded from doing so having declined to waive the privilege and permit discovery.

Dated: December 23, 2016

                                            Respectfully submitted,

                                            LOUIS D. LAPPEN
                                            Acting United States Attorney

                    By:   /s/ Patrick J. Murray
                             PATRICK J. MURRAY
                             NANCY RUE
                             Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I certify that the foregoing motion was served on all counsel of record by the Electronic Filing System and by email.

/s/ Patrick J. Murray
Patrick J. Murray
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 14-574-PBT |
| DEVOS LTD. D/B/A GUARANTEED RETURNS<br>DEAN VOLKES<br>DONNA FALLON | :<br><br>: |

# O R D E R

AND NOW, this ___ day of _____, 20___, upon consideration of the government's Motion for an Order Setting Date by Which Defendants Must Declare Intent To Pursue Advice of Counsel Defense, it is **ORDERED** that the government's Motion is **GRANTED** and it is **ORDERED** that:

if a defendant intends to raise an advice-of-counsel defense, that defendant must notify the government no later than January 13, 2017.

BY THE COURT:

_____
**Petrese B. Tucker**
*Judge, United States District Court*