

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

| | |
|---|---|
| *Jordan Strauss* | *615 Chestnut Street* |
| *Direct Dial: (215) 861-8576* | *Suite 1250* |
| *Facsimile: (215) 861-8618* | *Philadelphia, Pennsylvania 19106-4476* |
| *E-mail Address: Jordan.Strauss2@usdoj.gov* | *(215) 861-8200* |

July 28, 2015

Douglas E. Grover
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004

Elkan Abramowitz, Esq.
Robert M. Radick, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017

Robert J. Cleary, Esq.
William C. Komaroff
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8282

Re:   *U.S. v. Devos Ltd. D/B/A Guaranteed Returns, Dean Voulkes, Donna Fallon, and Ronald Carlino*, Crim. No. 14-574

Messrs. Grover, Abramowitz, and Cleary,

The Government is in receipt of the consolidated Defense privilege log and will review it for further action. Thank you for your prompt review and response. I will continue to lead the filter team moving forward; should you identify any other documents in any of the Government's past or future productions that you believe may be privileged, please contact me immediately.

Respectfully submitted,

ZANE DAVID MEMEGER
*United States Attorney*

JORDAN L. STRAUSS
Special Assistant United States
Attorney

Exhibit 1



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

| | |
|---|---|
| *Patrick J. Murray, Esq.* | *615 Chestnut Street* |
| *Direct Dial: (215) 861-8456* | *Suite 1250* |
| *Facsimile: (215) 861-8618* | *Philadelphia, Pennsylvania 19106-4476* |
| *E-mail Address:  patrick.j.murray@usdoj.gov* | *(215) 861-8200* |

September 14, 2016

**<u>Via Email PDF</u>**

Douglas E. Grover, Esq.
Thomas A. Kissane
Schlam Stone & Dolan LLP
26 Broadway, 19th Floor
New York, NY  10004

Elkan Abramowitz, Esq.
Robert M. Radick, Esq.
Miriam Glaser, Esq.
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY  10017

Robert J. Cleary, Esq.
William C. Komaroff, Esq.
Proskauer Rose LLP
11 Times Square
(Eighth Avenue & 41st Street)
New York, NY  10036-8299

Re:     <u>United States v. Devos, Ltd *dba* Guaranteed Returns, *et al.*</u>
         Criminal No. 14-574

Dear Counsel:

As you will recall, during our conference call earlier today, the government inquired whether any of the defendants in this case will be asserting an advice of counsel defense at trial, which is scheduled to begin on January 23, 2016.  As we mentioned on the call, we are making this inquiry in order to ensure that this defense is not raised for the first time during or shortly before the trial, which would likely necessitate a continuance of the case in order to properly address the defense and any related complications.  In response, Mr. Radick understandably stated that defense counsel would need to confer before providing an answer.  We are writing now merely to memorialize our request.

In addition, during the conference call, we asked whether the government has received all of the defendants' privilege claims with respect to the discovery materials produced in this case. We noted that defense counsel has been communicating with the government filter attorneys (Jordan Strauss and then Michael Lowe) for over a year about privilege issues, and they had received privilege assertions during those communications.  We then sought confirmation that the defendants had no other applicable privilege claims over the remainder of the discovery in this case.  As you may recall, Mr. Strauss sent defense counsel the attached letter, dated July 28, 2015, confirming the receipt of the defendants' privilege log and asking defense counsel to identify any other documents in the government's past or future productions that you may

Exhibit 2

All Counsel of Record
September 14, 2016
page 2

believe are privileged.  We understand that in reply, the defendants provided Mr. Strauss with a revised privilege log and also provided Mr. Strauss and Mr. Lowe with responses to inquiries regarding several specific sets of documents, but the defendants did not raise any other privilege claims with respect to the other discovery that the government has produced.  Please notify us by September 30, 2016, if our understanding of these facts is mistaken.

If you have any questions regarding the foregoing, please feel free to call either of us.

Very truly yours,

ZANE DAVID MEMEGER
United States Attorney

Patrick J. Murray
Nancy Rue
Assistant United States Attorneys

Attachment
cc:   Ann Campbell Flannery, Esq.
      Michael Lowe, Esq.

Exhibit 2



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

| | |
|---|---|
| *Patrick J. Murray* | *615 Chestnut Street* |
| *Direct Dial: (215) 861-8456* | *Suite 1250* |
| *Facsimile: (215) 861-8618* | *Philadelphia, Pennsylvania 19106-4476* |
| *Email Address: patrick.j.murray@usdoj.gov* | *(215) 861-8200* |

October 11, 2016

**Via Electronic Mail**

Robert M. Radick, Esq.
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017

    Re: <u>United States v. Devos Ltd. d/b/a Guaranteed Returns et al.</u>
       Criminal No. 14-574

Dear Mr. Radick:

   I am writing to follow up on our telephone calls of September 14, 2016 and October 6, 2016 regarding whether defendants will be invoking the advice of counsel defense. On September 14, 2016, we inquired whether any of the defendants in this case will be asserting an advice of counsel defense at trial. I followed this call up with a letter the same day. We are raising this issue now to ensure the defense is not invoked during or shortly before the trial, which would likely require a continuance in order to properly address the defense and any related complications. On September 14, you responded that you would need to consult with the other defense counsel before responding to this question.

   Approximately three weeks after this September call, on October 6, 2016, I contacted you again to inquire about the status of the defendants' position regarding whether they would be asserting an advice of counsel defense. Specifically, I asked whether the defendants had made a decision regarding whether they would be raising this defense or, if not, could inform the government when a decision would be made. As I noted, government counsel are considering making a motion regarding this issue, but we wish to see if we can resolve it without court intervention.

   In response to this inquiry, you stated that defense counsel are actively discussing the issue, but have not decided whether the defendants would be asserting an advice of counsel defense. You also stated that you could not provide a date by which a decision would be made.

Exhibit 3

Robert M. Radick, Esq.
October 11, 2016
Page 2

First, I am writing to confirm this position with you, as counsel for Dean Volkes, and with counsel for the other defendants in this case, Donna Fallon and Guaranteed Returns. We request that you and the other counsel alert us if your client's position is different from what is recounted above.

Second, because the trial date in this case is approaching quickly and this issue may require motion practice and subsequent discovery, which may prove complicated, we believe that this issue should be resolved soon. Consequently, by this letter to all defense counsel, we are requesting that each defendant inform us by Wednesday, October 19, 2016, whether the defendant will be asserting an advice of counsel at the trial in this case. As you know, the trial of this complex case is scheduled to begin in less than four months. Thus, if the defendants are unable to provide an answer by this date, we intend to seek relief from the Court.

If you have any questions regarding the foregoing, please contact us. We would be happy to discuss this or any related issues.

Very truly yours,

ZANE DAVID MEMEGER
United States Attorney

PATRICK J. MURRAY
NANCY RUE
Assistant United States Attorneys

cc:     Douglas E. Grover, Esq.
        Thomas Kissane, Esq.
        Robert J. Cleary, Esq.
        William C. Komaroff, Esq.
        Celia Cohen, Esq.

Exhibit 3

## Morvillo Abramowitz Grand Iason & Anello P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
BRIAN A. JACOBS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION
(212) 880-9558
rradick@maglaw.com

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 19, 2016

**By Email**

Nancy Rue, Esq.
Patrick Murray, Esq.
Assistant U.S. Attorneys
United States Attorney's Office for the Eastern
   District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Re:   *United States v. Devos Ltd., d/b/a Guaranteed Returns, Dean Volkes,
      Donna Fallon, and Ronald Carlino*, Crim. No. 14-574

Dear Ms. Rue and Mr. Murray:

We have received your letter of October 11, 2016, which includes your request that the defendants advise you by today whether any of them will be asserting an advice-of-counsel defense in this case.

On behalf of all defendants, please be informed that we will not be able to provide you with an answer by the date on which you seek it. In fact, the situation remains as it was when we last spoke: defense counsel are analyzing the issue, but have not yet decided whether any of their clients will assert an advice-of-counsel defense.

Further, notwithstanding your letter and the deadline it seeks to impose, we are not aware of any authority that would require the defendants to provide you with notice of their intent to assert an advice-of-counsel defense at any point prior to trial, let alone more than three months before the trial is to begin. On the contrary, our review of the relevant case law indicates that a defendant is under no obligation to provide the government with pretrial notice of his or her intent to assert an advice-of-counsel defense. *See, e.g., United States v. Afremov*, Crim. No. 06-196 (JRT/SRN), 2007 WL 2475972, at *4 (D. Minn. Aug. 27, 2007); *United States v. Lazar*, No.

Exhibit 4

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Nancy Rue, Esq.
Patrick Murray, Esq.
October 19, 2016
Page 2


04-20017, slip op. at 2-3 (W.D. Tenn. Nov. 2, 2004); *United States v. Espy*, Crim. A. No. 96-198, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996).

In sum, while we certainly do not seek any delays of the trial date in this matter and intend to respond to your inquiry at an appropriate time, we do not believe that the case law supports judicial intervention on the issue you have raised. If you are aware of contrary authority that requires a defendant to provide pretrial notice of an advice-of-counsel defense, kindly provide us with that authority so that we can further consider your request.

Very truly yours,

Robert M. Radick

cc:    Douglas E. Grover, Esq.
       Thomas Kissane, Esq.
       Robert J. Cleary, Esq.
       William C. Komaroff, Esq.
         (by email)

Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

      v.

JACQUELINE TUANQUI
SUSIE AVELLANOSA

No. 15 CR 715

Judge Andrea R. Wood

## GOVERNMENT'S MOTION FOR AN ORDER SETTING DATE BY WHICH DEFENDANTS MUST DECLARE INTENT TO PURSUE ADVICE-OF-COUNSEL DEFENSE

Pursuant to Rules 12(b)(1) and 16(d), the United States of America, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby seeks an order setting a date by which defendants must inform the Court whether (1) they will pursue an advice-of-counsel defense at trial, thereby waiving the attorney-client privilege and allowing the government to discover relevant attorney-client communications; or (2) they will not pursue an advice of counsel defense at trial, and will be precluded from doing so having declined to waive the privilege and permit discovery.

## FACTUAL BACKGROUND

### A.   Indictment's Charges and Allegations

On December 8, 2015, a federal grand jury returned an indictment charging Jacqueline Tuanqui and Susie Avellanosa with one count of conspiracy to pay and receive unlawful health care bribes and kickbacks, in violation of Title 18, United

Exhibit 5

States Code, Section 371; and eight counts each of making and receiving such unlawful payments, in violation of Title 42, United States Code, Section 1320a-7b(b).

Jacqueline Tuanqui was the owner of Hexagram Home Health Care, a company that provided skilled nursing and other services to Medicare beneficiaries in their homes. Susie Avellanosa was a patient recruiter. That is, Susie Avellanosa located patients who were covered by Medicare and sold those patients to Hexagram.

Avellanosa and Tuanqui agreed that Avellanosa would supply Hexagram with a pre-determined number of Medicare patients per month. In exchange, Tuanqui would pay Avellanosa $7,200 per month. Tuanqui paid Avellanosa through Avellanosa's company, Allied Care Services. To conceal the fact that Avellanosa was paid for patient referrals (in violation of the anti-kickback statute), Avellanosa and Tuanqui created and signed contracts that made the arrangement appear to be legitimate. As alleged in the indictment, the contracts omitted any reference to the quota of patients Avellanosa was required to supply, and instead stated that Avellanosa and her company would be paid based on the number of hours worked.

**B.**   **Advice of Counsel and the Timing of Discovery**

The possibility of an advice-of-counsel defense has been raised in connection with both defendants in the case. The issue was raised by Tuanqui's counsel at the status hearing in March. At the time, counsel informed the government that Tuanqui had been represented by counsel when she entered into the contracts with Avellanosa and may have been assured by counsel that the contracts were proper. Tuanqui's counsel subsequently informed the government that he was exploring the possibility

2

Exhibit 5

that Avellanosa may have been advised by counsel with regard to the contracts. Separately, Susie Avellanosa's husband was interviewed by agents and asserted that he and Avellanosa had been advised by counsel about the legality of being paid a salary in exchange for patient referrals.

When counsel for Tuanqui first identified the possibility of an advice-of-counsel defense, the government noted the importance of resolving the issue in advance of trial. When defendants raise such a defense, the attorney-client privilege is waived, and the government is entitled to discover pertinent attorney-client communications. As discussed below, this Court has held that if such discovery does _not_ occur prior to trial, the plaintiff is prejudiced, and defendants are barred from raising the defense at trial.

Even beyond the equitable considerations, however, there are practical considerations that underscore the importance of resolving the advice-of-counsel issue early. Discovery with respect to attorney-client communications is not among the easiest types of discovery to conduct. Communications between attorneys and clients frequently occur via e-mail and text message, and restoring relevant communications can require identifying back-up servers where old communications are stored. The attorney who provided the advice at issue may wish to retain and consult with his own counsel before producing the relevant documents (or agreeing to testify at trial). The attorney may then need to review a broad set of client communications to identify those that relate to the defense at trial, and any still-privileged portions of such communications may need to be redacted. And, even when relations among the government and defense counsel are entirely collegial – as they are here – questions

3

Exhibit 5

may still arise about the scope of the waiver, and the Court may be called upon to conduct *in camera* reviews of certain documents.  In sum, it can be difficult if not impossible to timely conduct the relevant discovery when an advice-of-counsel defense does not arise (and the privilege is not waived) until the eve of trial.

## ARGUMENT

### A.    Legal Standards

The attorney-client privilege is waived when a client raises a defense that puts her attorney's advice at issue in the litigation. Garcia v. Zenith Electronics Corp., 58 F.3d 1171, 1175 n.1 (7th Cir. 1995).  "If [defendant] supports its denial of the willfulness allegation with a contention or evidence that it relied on advice by legal counsel, then it will be deemed to have waived the attorney-client privilege." Claffey v. River Oaks Hyundai, 486 F. Supp. 2d 776, 778 (N.D. Ill. 2007).  Defendant may not avoid waiving the privilege by introducing evidence that suggests to the jury, without expressly asserting it, that defendant relied on the advice of counsel. Id. at 778-79 (rejecting defendant's attempt to introduce documents that "would leave a fact finder with the distinct impression that [defendant] relied on advice by counsel on the matters at issue in this case"). "Were [defendant] allowed to create this impression but still maintain its attorney-client privilege, it would in effect be using the privilege as both a shield and a sword, which is not permitted." Id.

If defendants decline to waive the privilege and allow discovery, they may not introduce evidence about the advice of counsel at trial.  "Defendants cannot have it both ways; they cannot seek refuge in consulting with counsel as evidence of their good

4

Exhibit 5

faith yet prevent [the plaintiff] from discovering the contents of the communication."

Dorr-Oliver Inc. v. Fluid-Quip, Inc., 834 F. Supp. 1008, 1012 (N.D. Ill. 1993). "Of

course, [defendant] cannot be compelled to waive the attorney-client privilege. If,

however, [defendant] chooses to stand behind the privilege and not permit discovery,

then [defendant] cannot introduce the opinions or testimony of counsel[.]" Keyes Fibre

Co. v. Packaging Corp. of America, 763 F. Supp. 374, 376 (N.D. Ill. 1991); Dorr-Oliver,

834 F. Supp. at 1012 ("Defendants must have disclosed the [substance of the] advice of

counsel or they are precluded from raising the fact of legal consultation as part of their

good faith argument.").

**B.    The Court Should Set a Date by Which Defendants Must Decide Whether They Will Raise an Advice-of-Counsel Defense and Waive the Privilege**

The Court should set a date certain by which defendants must decide whether

they will raise an advice-of-counsel defense at trial, thereby waiving the attorney-client

privilege and allowing the government to discover pertinent communications between

attorney and client. Setting the date sixty days before trial will allow discovery to

proceed without disturbing the trial date. It will additionally ensure that the discovery

can be conducted without inconveniencing the Court or the jury, as would likely

happen if defendants were allowed to delay their decision until the time of trial. As

noted above, discovery involving attorney-client communications presents special

difficulties and cannot realistically be conducted without advance notice. The Court

should therefore exercise the discretion granted to it by Rules of Criminal Procedure 12

Exhibit 5

and 16, and set a schedule so that discovery relating to this issue can be managed in an orderly fashion.

## CONCLUSION

For the foregoing reasons, the government respectfully moves this Court to enter an order setting a date, 60 days before trial, by which time defendants must inform the Court whether they will (1) raise an advice-of-counsel defense at trial, thereby waiving the attorney-client privilege and allowing the government to conduct relevant discovery; or (2) they will not pursue an advice of counsel defense at trial, and will be precluded from doing so having declined to waive the privilege and permit discovery.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    /s/ Brooke Harper
BROOKE HARPER
Trial Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 697-4087

Dated: May 27, 2016

6

Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 15-cr-00715-1 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JACQUELINE TUANQUI | ) | |
| | ) | |
| | ) | |

## ORDER

Status hearing held. Pretrial Conference set for 4/10/2017 at 01:00 p.m. and Jury Trial set for 4/17/2017 at 09:00 a.m. remains firm. By 2/16/2017, Defendants shall provide written notice to the Government regarding any advice of counsel defense. The parties' motions in limine shall be filed by 3/20/2017. Responses to motions in limine shall be filed by 3/27/2017. The parties' joint pretrial statement shall also be filed by 3/20/2016. The government shall be responsible for preparing the initial draft of the joint pretrial statement for review and input by the defendants. The statement shall contain the following: a proposed statement of the case to be read to prospective jurors, any changes or special provisions for number or allocation among multiple defendants of peremptory strikes, joint proposed jury instructions and verdict form, proposed voir dire questions, a statement of whether the parties agree to make use of the Jury Evidence Recording System (JERS) to permit the jurors to access documents admitted into evidence electronically, and a list of any stipulations or uncontested facts upon which the parties agree. The parties shall submit a Word version of their proposed jury instructions, verdict forms, and voir dire questions to the Court's Proposed Order e-mailbox at Proposed_Order_Wood@ilnd.uscourts.gov. By 4/3/2016, the parties shall exchange and deliver copies of their witness lists and exhibit lists to the Court. The parties are advised that Judge Wood's courtroom is equipped with an integrated electronic evidence presentation system. Parties will no longer be permitted to bring their own projection or audio-visual equipment to display evidence electronically during trial. Any party desiring to use the Court's electronic evidence presentation system must confirm by e-mailing Judge Wood's courtroom deputy that the person who will be operating the equipment either (1) has participated in a training session with the Systems Department, or (2) does not require training because they have used the system for a trial in this courthouse previously. Parties may arrange for training by contacting the Systems Department at (312) 435-5555. Status hearing set for 1/31/2017 at 9:45 AM. On the Government's motion and without objection, time will be excluded through and including 1/31/2017 in the interests of justice pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) to allow reasonable time for investigation and effective pre-trial preparation.

XT

Exhibit 5

(0:06)

Dated: September 8, 2016

Andrea R. Wood
United States District Judge

Exhibit 5

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                Plaintiff,

v.

1.  OMAR ZIAD WAZWAZ,

3.  VLADIMIR VLADIMIROVIC BRIK,

4.  STEVEN JAY LYKE, and

5.  DANIEL LEE LYKE,

                Defendants.

Crim. No. 15-CR-78 (SRN/BRT)

**UNITED STATES' MOTION TO DISCLOSE ADVICE OF COUNSEL DEFENSE**

Plaintiff, the United States of America, by and through Andrew M. Luger, United States Attorney for the District of Minnesota, and Surya Saxena, Assistant United States Attorney, respectfully moves the Court for an order requiring each Defendant to disclose their intent to assert any advice of counsel defense 60 days prior to the trial in this case.

As discussed below, the United States contends that none of the Defendants could validly assert an advice of counsel defense in this case, and that the Court should ultimately deny any request for an advice of counsel jury instruction at trial.

However, if any Defendant nevertheless seeks to assert an advice of counsel defense, the attorney who gave the advice could become a witness at trial, potentially causing a conflict of interest in this case. *See* Minnesota Rule of Professional Conduct 3.7 (2011). Such a conflict of interest might require the appointment of new counsel for the particular defendant raising the advice of counsel defense.

Exhibit 6

The United States does not want to interfere with Defendants' rights to the counsel of their choice. Rather, the purpose of this motion is to ensure that Defendants' Sixth Amendment rights to conflict-free representation are protected, and that the trial is not delayed if new counsel is necessary. *See United States v. Agosto*, 675 F.2d 965 (8th Cir. 1982) (detailing the process following a government motion for an inquiry regarding defense counsel's potential conflict of interest).

Additionally, if any Defendant does seek to raise the advice of counsel defense, the attorney-client privilege would automatically be waived as to the communications underlying the defense. As a result, the United States and the Court would need a reasonable amount of time to review such privileged materials to assess the viability of the defense, and adequately to address the defense at trial.

**A.      Legal Background Regarding the Advice of Counsel Defense.**

The advice of counsel defense only applies to charges that require knowledge of the law and a specific intent to violate it. *See id.* at 959; *United States v. Poludniak*, 657 F.2d 948, 958-59 (8th Cir. 1981); *United States v. Powell*, 513 F.2d 1249, 1250-51 (8th Cir. 1975); *United States v. Robertson*, 709 F.3d 741, 746-47 (8th Cir. 2013); *United States v. Civella*, 666 F.2d 1122, 1126 (8th Cir. 1981). As described by the Seventh Circuit:

> There is no such thing as an "advice of counsel" defense. What is true…is that if a criminal statute requires proof that the defendant knew he was violating the statute in order to be criminally liable for the violation, and it is unclear whether the statute forbade his conduct, the fact that he was acting on the advice of counsel is relevant because it bears on whether he knew that he was violating the statute.

2

Exhibit 6

*United States v. Urfer*, 287 F.3d 663, 665-66 (8th Cir. 2002) (internal citations omitted).

Further, even where the charged offense requires a specific intent to violate the law, the Court should only give an advice of counsel instruction where: (1) the defendant fully disclosed all material facts to the attorney before seeking legal advice; and (2) the defendant actually relied on counsel's advice in the good faith belief that the conduct was legal. *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

When a defendant raises the advice of counsel defense, the attorney-client privilege is waived. *United States v. Workman*, 138 F.3d. 1261, 1263-64 (8th Cir. 1998).

**B.      The Advice of Counsel Defense Is Not Applicable in this Case.**

In this case, none of the charged offenses require proof of a specific intent to violate the law.   Therefore, no defendant could validly assert an advice of counsel in this case.

Count 1 of the Indictment charges a conspiracy to distribute controlled substance analogues, and the Analogue Act does not require a specific intent to violate the law. *See United States v. Bamberg*, 478 F.3d 934, 937-939 (8th Cir. 2007) (reflecting appropriate *mens rea* for an Analogue Act offense is "knowingly"); *United States v. Turcotte*, 405 F.3d 515, 526-528, including footnotes (7th Cir. 2005) (the Analogue Act is concerned with the defendant's *factual* knowledge and not their *legal* knowledge).   Similarly, traditional Controlled Substances Act ("CSA") charges, like the charge in Count 2 of the Indictment, do not require specific intent to violate the law. *United States v. Sheikh*, 367 F.3d 756, 763-64 (8th Cir. 2004) (defendant was guilty of CSA offense without knowledge of fact that chemicals in khat were scheduled under the CSA).   Misbranded

3

Exhibit 6

drug charges like the one in Count 3 of the Indictment also do not require any specific intent to violate the law. *United States v. Hiland*, 909 F.2d 1114, 1129 n. 21 (8th Cir. 1990) ("We reject [defendant's] suggestion [that the FDCA requires knowledge of illegality] because there is nothing in § 333(a)(2), or elsewhere in the FDCA, that evidences a congressional intent to create such an exception to the 'general rule that ignorance of the law is no excuse.'"). Finally, Count 4 of the Indictment charges a money laundering conspiracy, which also does not require proof of an intent to violate the law. *United States v. Lalley*, 257 F.3d 751, 755 (8th Cir. 2001).

Thus, the United States contends that the Court should ultimately deny any request for an advice of counsel instruction by any defendant. However, it would nevertheless be advisable for the Court to set a deadline of 60 days before trial for the Defendants to disclose whether they seek to assert such a defense.

Respectfully submitted,

Dated: June 4, 2015

ANDREW M. LUGER
United States Attorney

s/ Surya Saxena

BY:  SURYA SAXENA
Attorney ID No. 339465
Assistant United States Attorneys
300 South Fourth Street, Suite 600
Minneapolis, MN 55415
(612) 664-5600

4

Exhibit 6

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 15-78 (SRN/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Omar Ziad Wazwaz,<br>(2) Taleb Jamal Awad,<br>(3) Vladimir Vladimirovic Brik,<br>(4) Steven Jay Lyke, and<br>(5) Daniel Lee Lyke, | |
| Defendants. | |

Surya Saxena, Esq., Assistant United States Attorney, counsel for Plaintiff.

Murad M. Mohammad, Esq., Murad Defense, P.A.; and Ryan M. Pacyga, Esq., Pacyga & Mohammad LLC, counsel for Defendant Wazwaz.

Marc G. Kurzman, Esq., Kurzman Grant Law Office, Chtd, counsel for Defendant Awad.

Milana P. Tolins, Esq., Milana P. Tolins, LLC, counsel for Defendant Brik.

Glenn P. Bruder, Esq., Mitchell Bruder & Johnson, counsel for Defendant S. Lyke.

Gary R. Wolf, Esq., Wolf Law Officer, counsel for Defendant D. Lyke.

This matter is before the Court on the United States' Motion to Disclose Advice of Counsel Defense (Doc. No. 77). Any response by any Defendant to this motion was due on or before July 31, 2015. As of the date of this Order, no Defendant has filed an opposition to the Government's motion.

Exhibit 6

Accordingly, **IT IS HEREBY ORDERED** that:

The United States' Motion to Disclose Advice of Counsel Defense (Doc. No. 77) is **GRANTED**. Each Defendant shall disclose their intent to assert any advice of counsel defense 60 days prior to the trial in this case.

Date:  August 3, 2015

_s/ Becky R. Thorson_
BECKY R. THORSON
United States Magistrate Judge

Exhibit 6