#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL ACTION |
| | : |
| DEVOS LTD. d/b/a Guaranteed Returns, et al. | : NO. 14-574 (PBT) |

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO COMPEL

Defendants Devos Ltd. d/b/a Guaranteed Returns ("Guaranteed Returns" or the "Company"), Dean Volkes, and Donna Fallon (collectively, "Defendants"), by and through the undersigned, submit this memorandum of law, together with the accompanying Declaration of Douglas Grover dated December 29, 2016 ("Grover Dec."), in support of the Defendants' motion to compel the production of information about the dissemination of, and response rate to, the government's recent outreach to Guaranteed Returns' customers.

### BACKGROUND

In or about October 2016, the government solicited information from Guaranteed Returns' customers through posting an on-line form, and by direct mailings that advised customers that they had been "identified as a victim" of a fraud by Guaranteed Returns. Grover Dec., ¶2.

After an exchange of correspondence, the government recently produced customer responses to these materials, which we are in the process of reviewing. However, the government has refused the Defendants' request to produce related information concerning the dissemination of, and response rate to, its outreach to Guaranteed Returns' customers. Grover Dec., ¶¶3-6. Court intervention is therefore necessary.

Specifically, Defendants seek two categories of information relating to the government's recent communications with Guaranteed Returns' customers:

1. a list of the persons or entities to whom the government has sent, or from whom the government has received, information concerning their dealings with Guaranteed Returns, further to any website posting, mailings, or other communications by the government with Guaranteed Returns' customers from in or about October 2016 to date, separated into two categories: (i) those persons or entities that responded to the government's website posting, mailings, or other communications, and (ii) those that did not respond, and

2. a report of the number of viewers of each of the postings or links relating to Guaranteed Returns at any website maintained by the government in connection with such website posting, mailings, or other communications.

*See* Grover Dec., ¶3.

## ARGUMENT

Defendants are entitled to information concerning the dissemination of, and response rate to, the government's outreach to Guaranteed Returns' customers both as exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963) and because it is "material to preparing the defense" within the meaning of Fed. R. Crim. P. 16(a)(1)(E)(i).

A broad dissemination with a small number of responses objecting to Guaranteed Returns' conduct would tend to show that the customers were aware of and did not object to the fees they were charged, had no objections to the disposition of their indated drugs, or did not regard these matters as material. That would make the evidence exculpatory. "It is well-settled that the government's obligations under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] require it to disclose actual exculpatory evidence without undue delay." *United States v. Mais*, 2006 WL 3308429, at *3 (W.D. Pa. Oct. 30, 2006) (*citing United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983)). In *United States v. Starusko*, the Third Circuit "affirm[ed] [its] longstanding policy . . . to ensure

prompt compliance with Brady" and "flatly reject[ed] the notion, espoused by the prosecution, that 'it is the government, not the district court, that in the first instance is to decide when to turn over Brady material.'"  729 F.2d 256, 261 (3d Cir. 1984).  With trial to commence January 30, 2017, this material is required at the earliest possible time.

Evidence is "material to preparing the defense" within the meaning of Fed. R. Crim. P. 16(a)(1)(E)(i) if there is a good probability that it will assist the defense in "finding admissible evidence, aiding witness preparation, corroborating testimony, impeaching or rebutting the prosecution's evidence, or supporting some affirmative defense." *United States v. Pellulo,* 105 F.3d 117, 123 (3d Cir. 1997).  *See also United States v. Yeung,* 1999 WL 252485, at *2 (E.D. Pa. Apr. 28, 1999) ("'Evidence which the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense. . . .'" (quoting *United States v. Stevens,* 985 F.2d 1175, 1180 (2d Cir. 1993))).

The identity and response rate of Guaranteed Returns' customers from whom the government solicited responses, after telling them that they had been "victims" of a fraud by Guaranteed Returns, would assist in each of the *Pellulo* factors identified above.  It would assist in finding admissible evidence, for example, by identifying customers who, by their actions and responses, have confirmed the Defendants' theory of the case.  It would aid witness preparation and/or corroborate testimony by showing that customers did not hold the view that the government attributes to them regarding the disposition of indates and charging of fees.  For the same reason, it would impeach or rebut the prosecution's evidence, and support the defense that Guaranteed Returns was entitled to charge the fees it charged and to the indate monies where customers returned product that was not immediately creditable.

Since that information must be readily available to the government, both *Brady* and Rule 16(a)(1)(E)(i) require that it be produced at the earliest possible time.

## **CONCLUSION**

For all of the forgoing reasons, Defendants respectfully request that the Court issue an order requiring the government to immediately disclose:

1. a list of the persons or entities to whom the government has sent, or from whom the government has received, information concerning their dealings with Guaranteed Returns, further to any website posting, mailings, or other communications by the government with Guaranteed Returns' customers from in or about October 2016 to date, separated into two categories: (i) those persons or entities that responded to the government's website posting, mailings, or other communications, and (ii) those that did not respond, and

2. a report of the number of viewers of each of the postings or links relating to Guaranteed Returns at any website maintained by the government in connection with such website posting, mailings, or other communications.

Dated: New York, New York
       December 29, 2016

Respectfully Submitted,

**SCHLAM STONE & DOLAN LLP**

**LAW OFFICES OF ANN C. FLANNERY, LLC**

**By:** /s/ Douglas E. Grover
Douglas E. Grover
Thomas A. Kissane

26 Broadway
New York, New York 10004
Tel. 212.344.5400
Fax 212.344.7677
dgrover@schlamstone.com
tkissane@schlamstone.com

*Attorneys for Defendant Devos Ltd.*
*d/b/a Guaranteed Returns*

**By:** /s/ Ann C. Flannery
Ann C. Flannery

1835 Market Street, Suite 2700
Philadelphia, Pennsylvania 19103
Tel. 215.636.9002
Fax 215.636.9899
acf@annflannerylaw.com

4

5

| | | | |
|---|---|---|---|
| | **MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.** | | **PROSKAUER ROSE LLP** |
| **By:** | /s/ Elkan Abramowitz | **By:** | /s/ Robert J. Cleary |
| | Elkan Abramowitz | | Robert J. Cleary |
| | Robert M. Radick | | William C. Komaroff |
| | Miriam L. Glaser | | Samantha Springer |
| | Ashley C. Burns | | Julia D. Alonzo |
| | | | |
| | 565 Fifth Avenue | | 11 Times Square |
| | New York, New York 10017 | | New York, New York 10036 |
| | Tel. 212.856.9600 | | Tel.  212.969.3000 |
| | Fax. 212.856.9494 | | Fax  212.969.2900 |
| | eabramowitz@maglaw.com | | rjcleary@proskauer.com |
| | rradick@maglaw.com | | wkomaroff@proskauer.com |
| | mglaser@maglaw.com | | sspringer@proskauer.com |
| | aburns@maglaw.com | | jalonzo@proskauer.com |
| | | | |
| | *Attorneys for Defendant Dean Volkes* | | *Attorneys for Defendant Donna Fallon* |