IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL ACTION |
| | : |
| DEVOS LTD. d/b/a Guaranteed Returns, et al. | : NO. 14-574 (PBT) |

**DEFENDANTS' JOINT PRETRIAL MEMORANDUM**

In accordance with the Court's order dated January 5, 2017, defendants Devos Ltd. d/b/a Guaranteed Returns ("Guaranteed Returns"), Dean Volkes, and Donna Fallon (collectively, the "defendants") hereby submit this joint pretrial memorandum.

I.    **Summary of Relevant Facts**

It is the defendants' position that the government's allegations of fraud are totally misguided and ignore the fundamental truth that Guaranteed Returns provided a valuable service to thousands of sophisticated customers who were more than adequately notified about the nature of the agreement they entered into with Guaranteed Returns. Some promotional materials and some members of the Guaranteed Returns sales force may have offered indate management as a Guaranteed Returns service. Some of Guaranteed Returns's customers were provided with indate management services and some were not. In any event, the governing contractual documents made perfectly clear that representations by the sales force were not part of a customer's agreement with Guaranteed Returns, and customers were told as much in clear and plain terms.

In fact, notwithstanding the statements that sales representatives may have made to customers, written contracts and Return Authorization forms governed the relations between

Guaranteed Returns and its customers, and these agreements made clear not only that customers were not going to get credit for indates—the contract documents also made clear that oral statements by the sales force and any promotional materials did not govern the parties' contractual relationship.  Only those customers who specifically contracted for indate servicing, or affirmatively asked for such services—including, after October 2007, customers who contracted with Guaranteed Returns pursuant to a contract entered into by the Defense Supply Center Philadelphia—generally received it.  Those customers who did not either contract for or ask for indate management, generally did not receive it.  That is not fraud, there was no intent to defraud, and no customer was ever defrauded.[1]

As will be detailed throughout the trial, the other charges in the Superseding Indictment flow from misplaced allegations regarding Guaranteed Returns's business practices and reflect a misguided attempt to criminalize those unexceptional practices.

## II.     List of Charges

The Superseding Indictment includes the following charges:

- 18 U.S.C. § 371 (conspiracy to obstruct justice, count 55)
- 18 U.S.C. § 641 (theft of government property, count 53)
- 18 U.S.C. § 1001 (false statements, counts 60 – 61, 64)

---

[1] It should further be noted that the failure to perform on a contract is not a violation of the mail and wire fraud statutes, even if the contractual breach is in bad faith.  *United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 654 (2d Cir. 2016) (citing *Neder v. United States*, 527 U.S. 1 (1999)); see also *Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d 990, 1007 (7th Cir. 2004) ("Fraud requires much more than simply not following through on contractual or other promises.  It requires a showing of deception at the time the promise is made.  A subsequent breach, although consistent with deceptive intent is not in and of itself evidence of such an intent.").  Therefore, even if the government were able to prove at trial that Guaranteed Returns was not in compliance with its contractual obligations to customers (which the defendants contest), a mail and wire fraud conviction could not be predicated upon such a breach.

- 18 U.S.C. § 1341 (mail fraud, counts 24 – 40, counts 41 – 52)

- 18 U.S.C. § 1343 (wire fraud, counts 1 – 23)

- 18 U.S.C. § 1512(c)(1) (obstruction of justice, counts 56 – 57, 62)

- 18 U.S.C. § 1519 (obstruction of justice, counts 58 – 59, 63)

- 18 U.S.C. § 1956(h) (conspiracy to commit money laundering, count 54)

### III.     Issues of Law to be Resolved

The following issues of law require resolution prior to trial:

- Whether the government should be precluded from offering evidence or argument that concealment money laundering took place prior to Guaranteed Returns's receipt of funds from pharmaceutical manufacturers (Dkt. No. 179)

- Whether the government should be precluded from offering argument or testimony suggesting that the brother-sister relationship between Mr. Volkes and Ms. Fallon has any tendency to prove guilty knowledge or criminal intent (Dkt. No. 179)

- Whether the Court should reconsider its order denying the defendants' motion to compel the production of *Brady* material regarding the dissemination of, and response rate to, the questionnaire that the government sent to Guaranteed Returns's customers (Dkt. No. 177)

- Whether the government should be precluded from introducing as evidence any discovery material that was not timely produced to the defendants (Dkt. No. 140)

- Whether the defendants should be precluded from offering expert testimony from any of the witnesses as to whom the defendants provided expert notice pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure (Dkt. No. 180)

- Whether the government should be permitted to seek to prove the mail and wire fraud charges in the indictment through conduct not alleged in the Superseding Indictment, and whether the Court should allow the government to introduce evidence pursuant to Rule 404(b) despite the government's failure to provide the defendants with the required pretrial notice (Dkt. No. 181)

### IV.     List of Proposed Witnesses

The defendants have not yet determined whether they will call any witnesses in their respective defense cases, and for this reason cannot provide a complete witness list at this time. The defendants reserve the right to present testimony from fact and expert witnesses based on the

government's case and developments at trial, including but not limited to the expert witnesses listed below.

### A. Mr. Brian Berntson

It is anticipated that Mr. Berntson would, if called as a witness, offer testimony regarding the steps commonly involved in money laundering, as well as the ways in which individuals and organizations may launder or attempt to launder money.

### B. Mr. Harris Devor

It is anticipated that Mr. Devor would, if called as a witness, testify regarding his analysis of Guaranteed Returns's banking relationships and financial records. Mr. Devor is expected to opine upon whether the bank accounts held by Guaranteed Returns and the financial transactions by which funds were deposited into and transferred out of Guaranteed Returns's bank accounts were typical of closely-held corporations. He is further expected to opine upon whether the transactions were transparent, whether the transactions were consistent with legitimate business practices, and whether any aspect of the transactions made it more difficult to identify the funds in the relevant accounts.

### C. Professor Claire Finkelstein

It is anticipated that Professor Finkelstein would, if called as a witness, testify regarding principles of contract law; the terms of Guaranteed Returns's contractual and business relationships with customers and other individuals and entities; the relationship between oral and written promotional materials on the one hand and actual written contracts on the other; and the intersection between, among other things, the company's handling of indated and other pharmaceutical products, the provisions of the company's contractual agreements, and the legal principles relevant to each of the foregoing.

### D. Dr. Sophia Pasedis

It is anticipated that Dr. Pasedis would, if called as a witness, testify based on her industry experience and understanding of industry norms and practices concerning: (a) the evolution of the reverse distribution industry for pharmaceuticals, including the need for such services before reverse distribution companies became common in the pharmaceutical space and the value provided by such companies, and (b) the evolution in the treatment of indated products by reverse distribution companies and their customers.

### E. Mr. Raymond Scheel

It is anticipated that Mr. Scheel would, if called as a witness, offer testimony regarding the general operation and programming of filePro database systems and the specific filePro database system used at Guaranteed Returns. Based on his training and experience with filePro, Mr. Scheel would testify about the way data is stored within filePro, the proper method for deleting filePro records and reclaiming space within a database, and particular problems that may arise when a filePro system contains a large amount of data. Mr. Scheel would likely also testify about the effects that certain errors may have on the functioning of a filePro database, and ways such errors may be addressed.

### F. Mr. William F. Shea

It is anticipated that Mr. Shea would, if called as a witness, testify regarding his analysis of certain Guaranteed Returns indate and customer records. Specifically, Mr. Shea would testify as to the correlation between (a) any indates that government customers sent to Guaranteed Returns which were reprocessed to GRx stores after October 2007; and (b) government

customers who, pursuant to the terms of Contract Number SPM200-07-D-5201, elected to switch from Guaranteed Returns to another reverse distributor.

Dated: New York, New York
January 23, 2017

Respectfully Submitted,

**SCHLAM STONE & DOLAN LLP**

By: /s/ Douglas E. Grover
Douglas E. Grover
Thomas A. Kissane
Jolène LaVigne-Albert

26 Broadway
New York, New York 10004
Tel. 212.344.5400
Fax 212.344.7677
dgrover@schlamstone.com
tkissane@schlamstone.com
jlavignealbert@schlamstone.com

**LAW OFFICES OF ANN C. FLANNERY, LLC**

By: /s/ Ann C. Flannery
Ann C. Flannery

1835 Market Street, Suite 2700
Philadelphia, Pennsylvania 19103
Tel. 215.636.9002
Fax 215.636.9899
acf@annflannerylaw.com

*Attorneys for Defendant Devos Ltd. d/b/a Guaranteed Returns*

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

By: /s/ Elkan Abramowitz
Elkan Abramowitz
Robert M. Radick
Miriam L. Glaser
Ashley C. Burns
Christopher D. Brumwell

565 Fifth Avenue
New York, New York 10017
Tel. 212.856.9600
Fax. 212.856.9494
eabramowitz@maglaw.com
rradick@maglaw.com
mglaser@maglaw.com
aburns@maglaw.com
cbrumwell@maglaw.com

*Attorneys for Defendant Dean Volkes*

**PROSKAUER ROSE LLP**

By: /s/ Robert J. Cleary
Robert J. Cleary
William C. Komaroff
Samantha Springer

11 Times Square
New York, New York 20036
Tel.  212.969.3000
Fax  212.969.2900
rjcleary@proskauer.com
wkomaroff@proskauer.com
sspringer@proskauer.com

*Attorneys for Defendant Donna Fallon*

6