IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : <br> : <br> : |
| v. | :    CRIMINAL ACTION |
| DEVOS LTD. d/b/a Guaranteed Returns, et al. | : <br> :    NO. 14-574 (PBT) <br> : |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION TO ADMIT RECORDS**

Defendants Devos Ltd. d/b/a Guaranteed Returns ("Guaranteed Returns" or the "Company"), Dean Volkes, and Donna Fallon (collectively, "the defendants") respectfully submit this memorandum of law in opposition to the government's motion to admit records. (Dkt. No. 202.)

**INTRODUCTION**

The government's wholly deficient motion leaves the Court unable to make a pretrial ruling on the voluminous amount of evidence that it seeks to admit before trial has even begun. Though it seeks to admit 348 exhibits under one of four different exemptions to the rule against hearsay, the government's motion glosses over all of the document-specific evidentiary findings necessary to make these admissibility determinations. Indeed, the two paragraphs of the motion that address hearsay at all fail to make reference to any of the exhibits, much less to connect an exhibit to a particular hearsay exemption under which the government contends that it is admissible.

Also apparent from its motion is that the government's position is that if an exhibit is admissible under one of the Rule 801(d)(2) exemptions, that exhibit can be used against all of the defendants. To the contrary, application of the various subparts of the Rule involves fact-

intensive inquiry as to each defendant, the end result of which may be that a particular piece of evidence is admissible against one trial defendant but not another.  The facts necessary to make these determinations are not put before the Court in the government's motion.

The government would take a one-size-fits all approach to the evidence—both as to the defendants and the evidence itself—instead of conducting an individualized analysis.  That approach is inconsistent with the requirements of the Federal Rules of Evidence and should be rejected.

## ARGUMENT

By its motion, the government seeks to admit 348 exhibits under one of four exemptions to the rule against hearsay found in Rule 801(d)(2). Lacking any specificity, the motion sets out exhibits by range, requesting that Exhibits 2-32 through 2-44, 2-46 through 2-71, 2-74 through 2-77, and 2-79 through 2-81 ("electronic documents") and Exhibits 3-1, 3-4 through 3-205, 3-208 through 3-249, 3-251 through 3-262, and 3-264 through 3-308 ("emails and their attachments, as well as several appointments entries, meeting invitations, and task items") be admitted.[1]   (Dkt. No. 202 at 2, 4 – 5.)  The motion fails to connect any one exhibit to any one hearsay exemption.

The government's one-size-fits-all approach to the evidence is plainly wrong.  On their face, each subpart of Rule 801(d)(2) requires a different factual showing.  *See* Fed. R. Evid. 801(d)(2)(A), (C), (D), (E).  Moreover, that factual showing will in many cases be individualized, with a piece of evidence potentially being admissible against one trial defendant but not others.  That possibility is particularly likely here where one of the trial defendants is a corporate entity while the other two, Mr. Volkes and Ms. Fallon, are individuals.  Where the

---

[1] The government's motion also addresses whether the exhibits are authentic under Rule 901 of the Federal Rules of Evidence.  (Dkt. No. 202 at 3 – 5.)  The defendants and the government have stipulated to the authenticity of those exhibits listed in the government's motion, so that request is moot.

evidence is admissible against only one of multiple defendants, the Court must give the jury a limiting instruction to confine the evidence to its proper scope.  *See* Fed. R. Evid. 105.  But at base, the government's failure to undertake the analyses required by Rule 801(d)(2) leaves the Court unable to make any of the necessary findings and dooms the government's motion.

Because it is devoid of any factual support, the government's motion gives the Court no context within which to resolve the preliminary question of admissibility.  The Advisory Committee Note to the 1997 Amendment of Rule 801 explains that "Rule 104(a) requires these preliminary questions to be established by a preponderance of the evidence."  Fed R. Evid. 801 advisory committee note to 1997 amendment.  That portion of the Note specifically discusses statements offered pursuant to Rule 801(d)(2)(E).  However, the same analysis is applicable with respect to Rules 801(d)(2)(C) and (D).  *See id.* ("The Advisory Committee believes it appropriate to treat analogously preliminary questions relating to the declarant's authority under subdivision (C), and the agency or employment relationship and scope thereof under subdivision (D).").

In addition, Rule 801 expressly provides that though the statement itself is to be considered, it "does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E)."  Here, the government has offered no support—indeed it has not even identified which exemption it contends corresponds with which exhibit—so the Court cannot possibly resolve these preliminary questions.

Beyond this, the flawed approach adopted by the government is made apparent with reference to the additional substantive requirements of each subpart of Rule 801(d)(2).  Rule 801(d)(2)(C) permits admission of an out-of-court statement offered for the truth of the matter asserted where "[t]he statement is offered against an opposing party and . . . was made by a

person whom the party authorized to make a statement on the subject . . . ."  Admission of statements under "Rule 801(d)(2)(C) requires that the declarant be an agent of the party-opponent against whom the statement is offered," and that the statement have been made with the "consent" or "direction" of the authorizing party.  *United States v. Sokolow*, 91 F.3d 396, 402 (3d Cir. 1996).  The government has made no showing of agency, nor any showing of authority, both of which are required by the Rule.  As a consequence, it would be inappropriate to admit any statements under Rule 801(d)(2)(C) at this stage.  *See also Ely v. Cabot Oil & Gas Corp.*, Civ. No. 3:09-cv-2284, 2016 WL 454817, at *17 (M.D. Pa. Feb. 5, 2016) ("Determinations of the application of Rule 801(d)(2)(C) to particular statements, however, is an exercise that cannot be done in a vacuum.  Rather, this analysis must await trial.").

Under Rule 801(d)(2)(D), an out-of-court statement offered for the truth of the matter asserted is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . ."  The government, as proponent of the statement, has the burden to show by a preponderance of the evidence that the statement was made within the scope of an agency relationship, as understood according to common law agency principles.  Fed. R. Evid. 801 advisory committee note to 1997 amendment; *Lippay v. Christos*, 996 F.2d 1490, 1497 – 98 (3d Cir. 1993), *abrogated on other grounds*, *Albright v. Oliver*, 510 U.S. 266 (1994).  The government's motion makes no such showing.

That there are three trial defendants raises additional admissibility issues with respect to Rule 801(d)(2)(D).  Some of the statements that the government seeks to admit may have been made by declarants who are employees of defendant Guaranteed Returns acting within the scope of the employee relationship.  But it would not follow from such a showing that an agency

relationship existed between any Guaranteed Returns declarant and the individual trial defendants, Mr. Volkes and Ms. Fallon.

"An 'agency relationship' is not created solely by the fact that the purported principal is a corporate officer." *Boren v. Sable*, 887 F.2d 1032, 1039 (10th Cir. 1989). Instead, statements of corporate employees may be introduced against corporate officers, as opposed to the corporation itself, "if the factors which normally make up an agency relationship are present as between the employees and the superior." *United States v. Universal Rehab. Servs., Inc.*, No. Crim. 94-147, 1996 WL 297575, at *12 (E.D. Pa. May 31, 1996) (citing *Lippay*, 996 F.2d at 1498 (3d Cir. 1993)). Here, the government has not even attempted a showing that an agency relationship existed between a declarant and either individual trial defendant. That showing is fact-intensive, depends on the declarant and individual defendant involved, and would involve inquiry into whether the defendant "personally direct[ed]" the declarants' work on a "continuing basis," and as well whether the offered statement was within the scope of such personally directed work. *Id.* Yet again, the government has failed to provide the facts necessary to make such a showing.

Next, Federal Rule of Evidence 801(d)(2)(E) provides that statements are not hearsay when "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." For evidence to be admissible under Rule 801(d)(2)(E), the Court must make four findings: "(1) that a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *United States v. McGlory*, 968 F.2d 309, 333 (3d Cir. 1992) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

The government asks the Court to undertake the all but impossible task of making these determinations in a vacuum.  First, there has yet to be a showing of any conspiracy.  Second, without a conspiracy, the government cannot show that any trial defendant nor any declarant was a member.  Moreover, the Superseding Indictment charges more than one conspiracy, so the government must make a showing that both the declarant and the individual trial defendant against whom the statement was offered were members of the same conspiracy.  Third and fourth, a showing that the statements were made during the course and in furtherance of a particular conspiracy involves a fact-specific inquiry into the purpose of the statement.  Again, the government's motion falls far short of addressing any of these factors.

Finally, while some portion of the identified documents may fall within the enumerated exemptions from the hearsay rule for some defendants, a determination on admissibility would also need to take account of all other rules of evidence, including relevance and the potential for undue prejudice under Rule 403.  The government's motion simply seeks to bypass any such considerations.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motion to admit records.

Dated: Philadelphia, Pennsylvania  
      January 30, 2017

Respectfully Submitted,

**SCHLAM STONE & DOLAN LLP**

By: /s/ Douglas E. Grover  
Douglas E. Grover  
Thomas A. Kissane

26 Broadway  
New York, New York 10004  
Tel. 212.344.5400  
Fax 212.344.7677

        dgrover@schlamstone.com
        tkissane@schlamstone.com

        **LAW OFFICES OF ANN C. FLANNERY, LLC**

**By:** /s/ Ann C. Flannery
      Ann C. Flannery

      1835 Market Street, Suite 2700
      Philadelphia, Pennsylvania 19103
      Tel. 215.636.9002
      Fax 215.636.9899
      acf@annflannerylaw.com

      *Attorneys for Defendant Devos Ltd. d/b/a Guaranteed Returns*

      **MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

**By:** /s/ Elkan Abramowitz
      Elkan Abramowitz
      Robert M. Radick
      Miriam L. Glaser
      Ashley C. Burns
      Christopher D. Brumwell

      565 Fifth Avenue
      New York, New York 10017
      Tel. 212.856.9600
      Fax. 212.856.9494
      eabramowitz@maglaw.com
      rradick@maglaw.com
      mglaser@maglaw.com
      aburns@maglaw.com
      cbrumwell@maglaw.com

      *Attorneys for Defendant Dean Volkes*

**PROSKAUER ROSE LLP**

**By:** /s/ Robert J. Cleary
Robert J. Cleary
William C. Komaroff
Samantha Springer
Julia Alonzo

11 Times Square
New York, New York 10036
Tel.  212.969.3000
Fax  212.969.2900
rjcleary@proskauer.com
wkomaroff@proskauer.com
sspringer@proskauer.com
jalonzo@proskauer.com

*Attorneys for Defendant Donna Fallon*

## **CERTIFICATE OF SERVICE**

I, William C. Komroff, Esquire, hereby certify that Defendants' Opposition to Government's Motion to Admit Records has been filed electronically and is available for viewing and downloading from the Electronic Case Filing system. Notice has been sent through the ECF system to counsel of record, who have all consented to electronic service, including Assistant United States Attorneys Nancy Rue and Patrick Murray.

Dated: Philadelphia, Pennsylvania
       January 30, 2017

/s/ William C. Komaroff

PROSKAUER ROSE LLP

11 Times Square
New York, New York 10036
Tel.  212.969.3000
Fax  212.969.2900
rjcleary@proskauer.com

*Attorneys for Defendant Donna Fallon*