IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-574 (PBT)** |
| **DEVOS LTD. d/b/a Guaranteed Returns, et al.** | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANTS' REQUEST FOR A LIMITING INSTRUCTION

On February 8, 2017, the defense provided the Court with a written Motion for a limiting instruction relating to the defendants' contention that Daniel Gingrich had testified that he considered the retention of indate credits by defendant Guaranteed Returns to be the equivalent of Guaranteed Returns' imposition of a hidden fee.[1] See Exh. A. The Government respectfully requests that the Court decline to provide the proposed limiting instruction because Mr. Gingrich's testimony provides intrinsic evidence of the fraudulent scheme charged in Counts One through Forty of the Superseding Indictment ("the indictment"), and thus is entirely appropriate testimony. No limiting instruction is warranted.

The defense motion appears to be based on a misunderstanding of the scope of the conduct charged in Counts One through Forty of the indictment, and conflation of that scheme with the separate scheme charged in Counts 41-52.

Counts 1-40 charge that between 1999 and 2014, defendants Guaranteed Returns and Dean Volkes defrauded certain of their clients by stealing not-yet expired prescription drugs (sometimes called "indated drugs" or "indates"). Indictment Count 1 ¶ 28, p. 9. Counts 1-40

---

[1] Although the docket sheet shows that the defendants did not file their motion for a limiting instruction, they did hand it up to the Court. Thus the government offers this written response, which has been filed electronically.

charge that these defendants promised Guaranteed Returns' clients that the company would hold the clients' indates until they expired and became returnable, then return them to the drug manufacturers on the clients' behalf, in exchange for a fee. Indictment Count 1 ¶¶ 17-21, pp. 6-7. Counts 1-40 of the indictment charge that instead, these defendants defrauded certain clients by stealing the clients' indated drugs, returning them on the defendants' own behalf, and keeping the refund money.  See, e.g., indictment Count 1 ¶ 24, p. 7. Counts 1-40 allege that defendant Volkes divided Guaranteed Returns' clients into two groups: "unmanaged," being the clients whom Volkes believed were not paying attention to how much money they were owed, or when their drugs would expire; and "managed," whom Volkes thought were paying closer attention. See indictment, Count 1 ¶¶ 30-34, pp. 9-10. Counts 1-40 charge further that defendants Guaranteed Returns and Volkes also stole indated drugs through use of computer programs to (1) steal every thirteen indate that had a value of less than $3,000, indictment Count 1 ¶¶ 35-38, and (2) steal any indated drug that had been received more than three years before, indictment Count 1 ¶ 39, p. 12.

The essence of the indate scheme charged in Counts 1-40 is that defendants Volkes and Guaranteed Returns stole indated drugs entrusted to them by their victim clients, returned those indated drugs to the manufacturers on behalf of *the company* – not the clients – once the drugs expired, and kept the refund money for themselves. Based on the promises made by defendants Volkes and Guaranteed Returns, the victims believed that whenever any manufacturer gave a refund, they would receive that refund for all of the drugs that they had entrusted to these defendants, including the indated drugs, minus Guaranteed Returns' fee.

On the other hand, Counts 41 through 52 of the indictment charges a separate and more limited scheme by which all three defendants defrauded their victims. Counts 41-52 charge that

between October 2010 and February 2013, all three defendants engaged in a mail fraud scheme in which hidden fees were charged to certain clients.  This included providing false information to clients on the company's "extranet."  It also included a hidden "adjustment" implemented through Guaranteed Returns' computer system. Indictment Count 41, ¶¶ 3-14, pp. 22-24. The essence of this scheme was that defendant Volkes directed the Information Technology staff at the company to program the computer system to allow an "adjustment" that reduced the amount of the refund due to Guaranteed Returns' client, and diverted those funds to an account controlled by the defendant. Indictment Count 41 ¶¶ 7-9, pp. 22-23. Counts 41-52 charge that defendant Fallon used this adjustment to steal more than $500,000 from Guaranteed Returns' clients.

      The trial evidence has shown that in their marketing materials and through their sales force, defendants Guaranteed Returns and Volkes promised that they charged an "all-inclusive fee," that there would be no "hidden charges," see Exhibit B, and that "we don't make money unless you make money."  See Ford, 2/2/17, pp. 123-24 (fee was incentive, because when TACH's credit increased, fee increased); Gingrich 2/6/17, pp. 149-150 ("if we don't get paid until the customer does, that enforces us or requires us to do everything we can to maximize the return values, because our service fee depends on that."); Gingrich 2/7/17 at p. 125("we didn't get paid until [the customer] did."); Dooley 2/7/17 p. 212 (Guaranteed Returns' incentive is that when we send something back, that's our fee for that value of that item).  Counts 1-40 charge that, despite these and many other promises, these defendants schemed to steal clients' indated drugs.

      The testimony about Guaranteed Returns' promise to charge an "all inclusive fee" with "no hidden charges" giving them incentive to "maximize credits" is intrinsic evidence

concerning Counts 1-40. The government is entitled to prove that defendants Volkes and Guaranteed Returns promised that Guaranteed Returns would charge only one, all-inclusive fee, but that they nevertheless stole certain indated drugs, essentially imposing a hidden charge (albeit a very large hidden charge, amounting to 100% of the value of the indates). The relevance of this testimony to the Counts 1-40 scheme is clear: when defendants Volkes and Guaranteed Returns directed the salesmen to tell prospective clients that the company charged only one all-inclusive fee, and did not impose any hidden charges, the entire exchange presupposes that the prospective client was entitled to, and would get, the refunds for its drugs.

If the arrangement were otherwise – if, as defendants suggest, they were entitled to take the indated drugs for themselves – then defendants' fee structure clearly does not incentive Guaranteed Returns to maximize its customer's credit.  Instead, under that arrangement, the customer is in competition with Guaranteed Returns for the customer's own drugs.  Indeed, if the arrangement were otherwise, and if, as defendants assert, they were entitled to take the indated drugs for themselves, there would be no reason to discuss a "fee" at all.  Fees presuppose that the drugs belong to the customer, not to Guaranteed Returns.   Guaranteed Returns' promise of an all inclusive fee, with no hidden charges, is intrinsic to the indate scheme charged in Counts 1-40.

In seeking a limiting instruction, the defendants appear to conflate the Counts 1-40 scheme with the adjustment and hidden fee scheme charged in Counts 41-52. Moreover, they confuse the Court's ruling regarding the Counts 41-52 adjustment and hidden fee scheme – that evidence of hidden fees prior to October 2010 is admissible under Rule 404(b) – with the larger indate scheme charged in Counts 1-40. As this Court has already ruled, evidence of hidden fees as to the Counts 41-52 scheme is intrinsic to that scheme. Defendants' efforts to recast the Court's ruling is a dilatory tactic aimed at injecting confusion into the record. The motion for a

limiting instruction should be denied.

                                         Respectfully submitted,

                                         LOUIS D. LAPPEN
                                         Acting United States Attorney


                                         /s/ Nancy Rue
                                         NANCY RUE
                                         PATRICK J. MURRAY
                                         Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I certify that this document was sent to all counsel of record by Electronic Court Filing system.

                                  /s/ Nancy Rue
                                  NANCY RUE
                                  Assistant U.S. Attorney