# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIM. NO. 14-574-PBT** |
| **DEVOS LTD. d/b/a GUARANTEED RETURNS** | : | |
| **DEAN VOLKES** | | |
| **DONNA FALLON** | : | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR FULL DISCLOSURE OF GRAND JURY PROCEEDINGS

On February 13, 2017, the defendants filed a motion seeking "full disclosure" of the grand jury proceedings in this matter. Not satisfied with the government's production of the transcripts of the witness testimony, which the defense had argued to the Court, they now invoke Federal Rule of Criminal Procedure 6(e)(3)(E)(i) to seek disclosure of the government's colloquy with, and instructions to, the grand jury. See Motion, Doc. No. 226-1 at 1.

Defendants' motion is based on the misplaced contention that the requested information is necessary to show that the government has constructively amended the Superseding Indictment (the "indictment") by presenting evidence at trial that differs from the charges in the Indictment.[1] Defendants' motion lacks merit for two reasons, explained more fully below. First, Federal Rule of Criminal Procedure 6(e)(3)(E)(i) does not apply here; it authorizes the disclosure of grand jury material in proceedings other than the criminal trial authorized by the grand jury's indictment. Second, even if Rule 6(e)(3)(E)(i) did apply, the requested colloquy and

---

[1] To the extent that the defense continues to argue that the government has constructively amended the indictment, the government made a factual response to that argument in its Response to Defendants' Request for a Limiting Instruction for argument, see Doc. No. 227, which is incorporated here by reference. This brief addresses the propriety of the defense motion for disclosure of grand jury materials.

legal instructions provided to the grand jury are irrelevant to the question of whether the indictment has been constructively amended.  As a result, the defendants have not satisfied their heavy burden of demonstrating that disclosure of the presumptively secret grand jury materials is necessary.  The government respectfully requests that the Court deny the motion.

## I.    THE LEGAL STANDARD

The Supreme Court has "consistently recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-19 (1979).  Because of the very important reasons for grand jury secrecy, the Supreme Court has admonished that "in the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized."  United States v. Sells Engineering, Inc., 463 U.S. 418, 424 (1983).

After a grand jury proceeding has concluded, some of these reasons dissipate but others remain vital.  "Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities."  Douglas Oil, 441 U.S. at 222.  Courts should consider not only the immediate effect of disclosure upon a particular grand jury, "but also the possible effect upon the functioning of future grand juries."  Id.

The discretion of a district court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial court can make.  See, e.g., John Doe, Inc. I, 481 U.S. 102, 116 (1987) ("[W]e have repeatedly stressed that wide discretion must be afforded to district court judges in evaluating whether disclosure is appropriate.").

Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy.  Rule 6(e)(2) imposes a general rule of secrecy on "matters occurring before the

grand jury." The rule not only prohibits the disclosure of grand jury testimony or transcripts, but also "applies to anything which may reveal what happened before the grand jury." In re Grand Jury Matter (Catania), 682 F.2d 61, 63 (3d Cir. 1982). The rule is designed to protect from disclosure "only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process." In re Grand Jury Investigation (Appeal of New Jersey State Commission of Investigation), 630 F.2d 996, 1000 (3d Cir. 1980).

In a narrow exception to the rule of secrecy, Rule 6(e) allows the court to authorize disclosure of matters occurring before the grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). In a second narrow exception, Rule 6(e) allows the court to authorize disclosure of matters occurring before the grand jury "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).

In order to preserve the general rule and its underlying purposes, court-ordered disclosures under the Rule 6(e)(3)(E)(i) exception should be quite rare. "It is clear that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure." Douglas Oil, 441 U.S. at 223. Thus, in order to obtain court-ordered disclosure of grand jury material under this exception, the party seeking disclosure bears the burden of establishing a "particularized need" by showing that: (1) the material it seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. Id. at 222. Once a party makes the required showing of need, the district court must weigh the competing interests and order so much disclosure as needed for the ends of justice. In

3

undertaking such a determination, the district court "necessarily is infused with substantial discretion."  <u>Id.</u> at 223.

Of course, the Third Circuit is in agreement with this long-standing precedent, holding that "[a]s a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity."  <u>See</u> <u>United States v. McDowell</u>, 888 F.2d 285, 289 (3d Cir. 1989).  "To support a motion for judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy."  <u>Id.</u>  Even where the party seeking disclosure is able to meet its burden, the Court must order only "so much disclosure as needed for the ends of justice."  <u>See id.</u>

## II.   <u>ARGUMENT</u>

### A.   <u>Federal Rule of Criminal Procedure 6(e)(3)(E)(i) Does Not Apply</u>

The defendants do not seek disclosure under Rule 6(e)(3)(E)(ii), based on a defendant's showing that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.  Their motion makes no claim that the indictment should be dismissed based on the grand jury proceedings.  Instead, the defendants base their request for disclosure on Federal Rule of Criminal Procedure 6(e)(3)(E)(i), which provides that "[t]he Court may authorize disclosure . . . of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding."  Courts in the Third Circuit have held that "it is settled that . . . [Rule 6(e)(3)(E)(i)] applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment."  <u>See, e.g.</u>, <u>United States v. Bunty</u>, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008); <u>United States v. Salko</u>, No. 07-CR-0286, 2008 WL 4006747, at *16 (M.D. Pa. Aug. 26, 2008) (same).  Here, because the defendants' motion was made during the criminal trial authorized by the grand jury's indictment, Fed. R. Crim. P. 6(e)(3)(E)(i) does not apply.  The

Court should accordingly deny the defendants' motion.

**B.      Defendants Have, In Any Event, Failed to Satisfy Their Heavy Burden**

Even if Rule 6(e)(3)(E)(i) were read to allow a defendant to bypass the Rule 6(e)(3)(E)(ii)

exception and seek grand jury information under the present circumstances, defendants

nevertheless have failed to satisfy their heavy burden to show "a particularized need for that

information which outweighs the public interest in secrecy." <u>McDowell</u>, 888 F.2d at 289.  They

contend that the transcript of the colloquy and legal instructions is necessary to allow the Court

to "distinguish that which is intrinsic to the charges in the Superseding Indictment from that

which is extrinsic, and so that the Court can determine whether the government's shifting

theories have worked a constructive amendment." <u>See</u> Doc. No. 226-1 at 2.  The fatal obstacle

to this argument is that in judging whether a constructive amendment occurred, the Court decides

whether "the evidence and jury instructions at trial modify essential terms of the charged offense

in such a way that there is a substantial likelihood that the jury may have convicted the defendant

for an offense differing from the offense the *indictment* returned by the grand jury actually

charged." <u>United States v. Daraio</u>, 445 F.3d 253, 260-61 (3d Cir. 2006) (emphasis added).

According to the Third Circuit, "[t]he key inquiry is whether the defendant was convicted of the

same conduct for which he was *indicted*." <u>See</u> <u>id.</u> at 260 (emphasis added).

Because the Court determines whether a constructive amendment has occurred by

comparing the evidence presented at trial to the charges returned in the indictment, the defense

has failed utterly to show particularized need to disclose the colloquy and legal instructions.  <u>See</u>

<u>United States v. Daly</u>, 125 F.3d 845, at *1 (2d Cir. 1997) ("The grand jury testimony is irrelevant

to any potential claim [defendant] may have regarding an illegitimate amendment or broadening

of the indictment, because such a claim would necessarily be based on jury instructions and

testimony presented at trial, not testimony before the grand jury."). To require disclosure here would merely indulge defendants' fishing expedition at the considerable expense of undermining grand jury secrecy and at the risk of confusing this trial jury. See United States v. Slade, No. CRIM.A. 12-0367, 2013 WL 3344341, at *4 (E.D. Pa. July 3, 2013) ("Grand jury materials may not be disclosed to the defendant 'for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.'").

The cases cited by the defendants are in accord. None of those decisions suggest that it is necessary to review anything other than the indictment to assess whether a constructive amendment has occurred. Moreover, none of those courts reviewed instructions to, or colloquies with, the grand jury, which is what the defense seeks here. See United States v. Milstein, 401 F.3d 53, 64, 65 (2d Cir. 2005) (noting "the fundamental principle is clear. When the trial evidence or the jury charge operates to broaden [ ] the possible bases for conviction from that which appeared *in the indictment*, the indictment has been constructively amended." (emphasis added and quotation omitted)); United States v. Corrigan, No. 13-915, 2016 WL 4945013, at *3 (N.D. Ill. Sept. 15, 2016) (noting "[a] constructive amendment of an indictment occurs when the evidence at trial goes beyond *the parameters of the indictment* in that it establishes offenses different from or in addition to those charged by the grand jury." (emphasis added and quotations omitted)); United States v. Cervone, 907 F.2d 332, 345 (2d Cir. 1990) (comparing the indictment to the trial evidence in deciding that defendant's constructive amendment argument was "frivolous.").

Tellingly, the defense does not identify any particular portion of the indictment suggesting that an instruction to, or colloquy with, the grand jury was erroneous. Nor does the defense explain what particular value the requested instructions and colloquies have. Instead,

6

they simply reiterate the argument, which the Court has repeatedly and correctly rejected, that the trial evidence has constructively amended the indictment.  See, e.g., Doc. No. 226-1 at 1 ("the government's attempt to establish through its witnesses that the salvaging of indates constitutes a 'hidden fee' or 'hidden charge' reflects a mid-trial shift in positions . . . thereby working a constructive amendment to the Superseding Indictment.").  Courts have held that "[a]lleging merely a suspicion [fails] to articulate a particularized need for disclosing grand jury instructions."  See Slade, 2013 WL 3344341, at *4.  Because defendants have failed to provide any plausible basis, let alone a particularized need, for the presumptively secret colloquy and legal instructions, the Court should deny the defense motion.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Defendants' Motion for Full Disclosure of Grand Jury Proceedings.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


/s/ Nancy Rue
NANCY RUE
PATRICK J. MURRAY
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I certify that a copy of the above response was sent by Electronic Court Filing notice to all counsel of record.


/s/ Nancy Rue
Assistant U.S. Attorney