IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-574-PBT |
| DEVOS LTD. d/b/a GUARANTEED RETURNS | : | |
| DEAN VOLKES | : | |
| DONNA FALLON | | |

### GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

Two of the persons whom the government anticipates calling as witnesses at trial have convictions for misdemeanor offenses. The government intends to disclose those convictions to the defense, pursuant to the provisions of a protective order, and move that this Court exclude them under Rule 609(a)(2) as they do not involve dishonest acts or false statements. The defendants do not oppose the motion for a protective order. Accordingly, the government respectfully requests this Court enter a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, directing that the defendants and their counsel not disclose or display these materials to third parties other than for use at trial or in preparation for trial.  The government submits that this order is necessary to protect the privacy of these witnesses.  The undersigned conferred with counsel by email, who all indicate that they have no objection to a protective order for this purpose.

I.  **LEGAL ANALYSIS**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Supreme Court confirmed that "the trial court can and should, where

appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969). The Court should enter a protective order limiting review of these sensitive materials to the defendants, their counsel, and others assisting the defendants at trial. Such an order is appropriate to protect the privacy of the witnesses.

## II. CONCLUSION

For the reasons set forth above, there is good cause in this matter for entry of a protective order limiting the disclosure of records of the misdemeanor convictions of the two witnesses only as needed by the defendants for use at trial. In this case, such limits will help assure a fair trial, while preventing the disclosure of information which could harm the privacy interests of the witnesses. Accordingly, the government respectfully requests entry of a protective order preventing disclosure of records of the misdemeanor convictions of the two witnesses to any third parties except for use in conducting the trial, and requiring that those to whom a copy of the records of the misdemeanor convictions is provided sign an acknowledgment of this restriction.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


/s/ Nancy Rue
NANCY RUE
PATRICK J. MURRAY
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of this motion on all parties of record via Electronic Court Filing.

                                               /s/ Nancy Rue
                                               NANCY RUE
                                               Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 14-574-PBT |
| DEVOS LTD. d/b/a GUARANTEED : RETURNS | |
| DEAN VOLKES : | |
| DONNA FALLON | |

**ORDER**

And now, this _____ day of _____, 2017, upon consideration of the government's motion for a protective order, it is ORDERED AND DECREED that the motion is GRANTED.

IT IS FURTHER ORDERED AND DECREED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that defense counsel may make such use of the records of the misdemeanor convictions of the two witnesses produced by the government in this case ("the records") as is necessary for use at trial, including the disclosure of the material to the defendants and other persons assisting counsel in preparing for and conducting the trial.  Any counsel, defendant, or other person to whom disclosure is made pursuant to this paragraph may not use the records for any purpose other than use at trial, and may not disclose or display the records or information contained in the records to any third party, except as required for use at trial.

Defense counsel shall maintain a log of every person to whom a copy of the records is provided for the purpose of use at trial, and shall obtain from every such person at the time of production of the copy the following written statement:

> I acknowledge that records of convictions have been provided to me for the purpose of assisting _____ in using such materials at the trial of *United States v. Devos Ltd., d/b/a Guaranteed Returns, Dean Volkes and Donna Fallon*

(Criminal No. 14-574-PBT).  I have read the Order of the Court dated _____ permitting such disclosure to me, and agree as directed in that Order that I will use the records of convictions only for use at trial of the defendants, and will not otherwise disclose or display the records of convictions or information contained in the records of convictions to any third party.  I acknowledge that a violation of the Court's Order may result in penalties for contempt of court.

_____
**PETRESE B. TUCKER**
*Chief Judge, United States District Court*