IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 14-574-02 |
| DEAN VOLKES | : | |

**GOVERNMENT'S MOTION FOR PRELIMINARY ORDER
OF FORFEITURE AND FORFEITURE MONEY JUDGMENT**

The United States of America, by and through its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Patrick J. Murray and Nancy Rue, Assistant United States Attorneys, respectfully requests entry of a preliminary order of forfeiture and forfeiture money judgment. In support of this motion, the United States represents as follows:

1. On February 11, 2016, defendant Dean Volkes was charged by Superseding Indictment with wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Twenty-Three); mail fraud, in violation of 18 U.S.C. § 1341 (Counts Twenty-Four through Forty); mail fraud and the attempt to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349 (Counts Forty-One through Fifty-Two); theft of government property, in violation of 18 U.S.C. §§ 641 and 2 (Count Fifty-Three); money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Fifty-Four); conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count Fifty-Five); obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(1) and 2 (Counts Fifty-Six, Fifty-Seven, and Sixty-Two); obstruction of justice, in violation of 18 U.S.C. §§ 1519 and 2 (Counts Fifty-Eight, Fifty-Nine, and Sixty-Three); and making false statements, in violation of 18 U.S.C. § 1001(a)(1), (a)(2) (Counts Sixty, Sixty-One, and Sixty-Four).

2. The Superseding Indictment also contained two Notices of Forfeiture. Notice of Forfeiture #1 alleged that the defendant's interest in certain property was forfeitable as a result of the offenses charged in Counts One through Fifty-Three and Fifty-Six through Fifty-Seven, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. Notice of Forfeiture #2 alleged that the defendant's interest in certain property was forfeitable as a result of the offense charged in Count Fifty-Four, pursuant to 18 U.S.C. § 982(a)(1).

3. On March 22, 2017, following a multi-week trial, a jury convicted defendant Volkes of Counts One through Twenty-Three (wire fraud); Twenty-Four through Forty (mail fraud); Forty-One through Fifty-Two (mail fraud and the attempt to commit mail fraud); Fifty-Three (theft of government funds); Fifty-Four (money laundering conspiracy); Fifty-Five (conspiracy to obstruct justice); Sixty-Two and Sixty-Three (obstruction of justice); and Sixty-Four (making false statements). Following the jury verdict, the defendant invoked his right for the jury to consider forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(5).

4. On March 24, 2017, following a forfeiture hearing, a jury found that the assets identified in Paragraph 6, *infra*, were to be forfeited as a result of having the requisite nexus to his conviction on Count Fifty-Four (money laundering conspiracy), *i.e.*, the assets were found to be property involved in the offense of money laundering conspiracy.

5. As a result of the defendant's convictions on Counts One through Fifty-Three, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of wire fraud, mail fraud, and/or theft of government funds.

6. As a result of the defendant's conviction on Count Fifty-Four and the jury's forfeiture finding, the defendant is required, pursuant to 18 U.S.C. § 982(a)(1), to forfeit to the

United States any property, real or personal, involved in the offense of money laundering conspiracy, or traceable to such property, including but not limited to:

    a.    All funds held in Merrill Lynch Account Number 843-38521 in the name of Dean Volkes; and

    b.    All funds held in Merrill Lynch Account Number 843-14166, titled: "Donna Fallon TTEE U/A DTD 05/31/2012 By Dean Volkes Ashley Judson Irrev Trust."

7.    Based upon the facts set forth at trial, the defendant's convictions, and the jury's forfeiture determination, the government avers that the following property is subject to forfeiture as proceeds obtained as a result of the commission of wire fraud, mail fraud, and/or theft of government funds, and/or as property involved in money laundering conspiracy, and the government has established the requisite nexus between such property and the offense:

    a.    A personal forfeiture money judgment in the amount of $180,673,777.00;

    b.    Defendant's interest in all funds held in Merrill Lynch Account Number 843-38521 in the name of Dean Volkes; and

    c.    Defendant's interest in all funds held in Merrill Lynch Account Number 843-14166, titled: "Donna Fallon TTEE U/A DTD 05/31/2012 By Dean Volkes Ashley Judson Irrev Trust."

8.    As a result of the defendant's convictions in this case, the government seeks a forfeiture money judgment in the amount of $180,673,777.00. This sum represents proceeds traceable to the commission of wire fraud, mail fraud, and/or theft of government funds as charged in Counts One through Fifty-Three of the Superseding Indictment.[1] *See United States v. Vampire Nation*, 451 F.3d 189, 201-02 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of criminal proceeds). The

---

[1] *See United States v. Kalish*, 626 F.3d 165, 168 (2d Cir. 2010) (the Government must establish the amount of money subject to forfeiture as fraud proceeds under § 981(a)(1)(C) by a preponderance of the evidence).

defendant shall be jointly and severally liable for the payment of this forfeiture money judgment with co-defendants Devos, Ltd. d/b/a Guaranteed Returns and Donna Fallon.[2]

9.  As a result of the defendant's convictions and the jury's forfeiture findings in this case, the government also seeks to forfeit the defendant's interest in: (1) all funds held in Merrill Lynch Account Number 843-38521 in the name of defendant Dean Volkes; and (2) all funds held in Merrill Lynch Account Number 843-14166, titled: "Donna Fallon TTEE U/A DTD 05/31/2012 By Dean Volkes Ashley Judson Irrev Trust" (hereinafter referred to as "Subject Property"). The Subject Property constitutes property involved in the offense of money laundering conspiracy, as charged in Count Fifty-Four of the Superseding Indictment.[3]

10. The government submits that forfeiture of the Subject Property should be credited against the $180,673,777.00 forfeiture money judgment owed by the defendant. Also, to the extent that any other assets seized in this case have been or will be administratively or judicially forfeited by the government, the government shall credit the net proceeds, *i.e.*, proceeds less any costs or fees associated with the sale, maintenance, storage, etc. of the assets, received from such forfeitures, against the outstanding balance of the forfeiture money judgment.

11. The government requests authority to conduct discovery in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) to identify assets to satisfy the forfeiture money

---

[2] Under Third Circuit law, co-conspirators are jointly and severally liable for the amount of property subject to forfeiture as a result of the offense of conviction. *See United States v. Pitt*, 193 F.3d 751, 765 (3d Cir. 1999); *United States v. Miller*, 645 Fed. App'x 211, 226-27, 2016 WL 1273304, at *11 (3d Cir. 2016). The Supreme Court recently granted a writ of certiorari to consider the issue of joint and several liability under 21 U.S.C. § 853. *See Honeycutt v. United States*, No. 16-142.

[3] During the forfeiture hearing before the jury on March 24, 2017, defendants Devos Ltd. d/b/a Guaranteed Returns and Donna Fallon stipulated that they have no interest in the Subject Property.

judgment. The government also request authority to undertake publication of the forfeiture order, and notify potential third-party claimants of the Subject Property, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and (c)(1)(B) and 21 U.S.C. § 853. However, to the extent that the government here seeks a forfeiture money judgment, advertisement of the money judgment and third-party proceedings are not required. *See* Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consists of money judgment).

12. Furthermore, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the government also requests this Court to include in the order of forfeiture certain conditions that it believes are reasonably necessary to preserve the Subject Property's value pending any appeal in this case. In particular, the government requests that this Court order the following:

    a. Upon specific written direction by the United States Marshals Service or its designee only, Bank of America Merrill Lynch must:

        (1) Provide to the United States Marshals Service (or its designee) any and all records, including account statements and subsidiary documentation supporting any transactions listed, from the time of restraint pursuant to this Order until the final liquidation of the two Merrill Lynch accounts; and

        (2) Provide to the United States Marshals Service all investment history for the two Merrill Lynch accounts as evidenced by account statements for the last five years to include capital contributions, dividends, and withdrawals; prospectuses, business plans, annual reports and other information provided to the investment holder for the last five years; and/or any other relevant financial information on file.

    b. Upon entry of this Preliminary Order of Forfeiture, Bank of America Merrill Lynch shall:

      (1)    Take no offset against the two Merrill Lynch accounts;

      (2)    Continue to credit any deposits, interest, dividends, capital gains distributions, or other credits to the two Merrill Lynch accounts, all of which shall be subject to this Order;

      (3)    Upon receiving notice of this Order, promptly inform the United States Marshals Service as to the value of the two Merrill Lynch accounts at the time of notice, and thereafter direct regular, periodic account statements be to be sent to the United States Marshals Service; and

      (4)    Provide copies of Forms 1099 and all other tax reporting correspondence to the United States Marshals Service upon request.

WHEREFORE, for these reasons, the government requests that this Court enter the attached Preliminary Order of Forfeiture and Forfeiture Money Judgment.

          Respectfully submitted,

          LOUIS D. LAPPEN
          Acting United States Attorney

          SARAH L. GRIEB
          Assistant United States Attorney
          Chief, Asset Recovery and Victim Witness Unit

          */s/ Patrick J. Murray*
          PATRICK J. MURRAY
          NANCY RUE
          Assistant United States Attorneys

Dated: April 11, 2017

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | Criminal No. 14-574-02 |
| **DEAN VOLKES** : | |

**PRELIMINARY ORDER OF FORFEITURE
 AND FORFEITURE MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Dean Volkes' convictions as to Counts One through Fifty-Three of the Superseding Indictment charging him with wire fraud, mail fraud, and theft of government funds, in violation of 18 U.S.C. §§ 1343, 1341, and 641, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, to forfeit to the United States his interest in any property that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the wire fraud, mail fraud, and/or theft of government funds, as charged in Counts One through Fifty-Three of the Superseding Indictment.

2. The Court orders that, as a result of the offenses charged, the facts set forth at trial, and the defendant's convictions, a forfeiture money judgment in the amount of $180,673,777.00 be entered against the defendant as the amount of proceeds traceable to the commission of wire fraud, mail fraud, and/or theft of government funds, as charged in Counts One through Fifty-Three of the Superseding Indictment.  The defendant shall be jointly and severally liable for the forfeiture money judgment with co-defendants Devos, Ltd. d/b/a Guaranteed Returns and Donna Fallon.

3. The Court has further determined, based on the offenses charged, the facts set forth at trial, the defendant's conviction as to Count Fifty-Four (money laundering conspiracy), and the jury's forfeiture determination, that the following specific property is subject to forfeiture as property involved in the money laundering conspiracy charged in Count Fifty-Four of the Superseding Indictment, and the government has established the requisite nexus between such property and the offense:

    a. **All funds held in Merrill Lynch Account Number 843-38521 in the name of Dean Volkes; and**

    b. **All funds held in Merrill Lynch Account Number 843-14166, titled: "Donna Fallon TTEE U/A DTD 05/31/2012 By Dean Volkes Ashley Judson Irrev Trust"**

(hereinafter referred to as "Subject Property").[1]

4. Upon entry of this Order, the United States is authorized to seize the Subject Property.

5. The government shall credit the net proceeds received from the forfeited Subject Property against the outstanding balance of the $180,673,777.00 forfeiture money judgment. Any property subsequently recovered from the defendant and forfeited by the government also shall reduce the defendant's outstanding liability on the forfeiture money judgment. To the extent that any assets seized in this case have been or will be administratively or judicially forfeited by the government, the government shall credit the net proceeds (*i.e.*, proceeds less any

---

[1] During the forfeiture hearing before the jury held on March 24, 2017, defendants Devos Ltd, d/b/a Guaranteed Returns and Donna Fallon stipulated that they have no interest in the Subject Property.

costs or fees associated with the sale, maintenance, storage, etc. of the assets) from such forfeitures against the outstanding balance of the forfeiture money judgment.

6. Upon the entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

7. The government is not required to advertise the forfeiture money judgment, and third-party proceedings are not required for the forfeiture money judgment. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consist of money judgment).

8. Pursuant to 21 U.S.C. § 853(n)(1), incorporated by 28 U.S.C. § 2461(c), the United States shall publish, on an official internet government forfeiture site for 30 consecutive days, notice of this Preliminary Order of Forfeiture. The notice shall state that:

    a. the government intends to dispose of the Subject Property in any manner the Attorney General directs;

    b. any person having or claiming a legal interest in the Subject Property may request a hearing to determine the validity of the claimant's alleged interest in the Subject Property by filing a claim petition with the Clerk of Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier;

    c. the claim petition must be signed by the claimant under penalty of perjury, and shall set forth the nature and extent of the claimant's right, title or interest in the forfeited Subject Property, the time and circumstances of the claimant's acquisition of the right, title and interest in the forfeited Subject

        Property, any additional facts supporting the petitioner's claim, and the relief sought; and

    d.    service of a copy of any petition, or any other pleadings filed, must be made upon the United States Attorney for the Eastern District of Pennsylvania, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106-4476.

9.    The United States shall notify, in writing, any person known to have alleged an interest in the Subject Property, and his or her attorney.

10.    Any person asserting a legal interest in the Subject Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing to determine the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), incorporated by 28 U.S.C. § 2461(c).

11.    Following the disposition of any petition filed regarding the Subject Property under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

12.    The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

13.    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture and Forfeiture Money Judgment shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

14. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), in order to preserve the Subject Property's value pending any appeal in this case, the Court orders the following:

    a. Upon specific written direction by the United States Marshals Service or its designee only, Bank of America Merrill Lynch must:

        (1) Provide to the United States Marshals Service (or its designee) any and all records, including account statements and subsidiary documentation supporting any transactions listed, from the time of restraint pursuant to this Order until the final liquidation of the two Merrill Lynch accounts; and

        (2) Provide to the United States Marshals Service all investment history for the two Merrill Lynch accounts as evidenced by account statements for the last five years to include capital contributions, dividends, and withdrawals; prospectuses, business plans, annual reports and other information provided to the investment holder for the last five years; and/or any other relevant financial information on file.

    b. Upon entry of this Preliminary Order of Forfeiture, Bank of America Merrill Lynch shall:

        (1) Take no offset against the two Merrill Lynch accounts;

        (2) Continue to credit any deposits, interest, dividends, capital gains distributions, or other credits to the two Merrill Lynch accounts, all of which shall be subject to this Order;

        (3) Upon receiving notice of this Order, promptly inform the United States Marshals Service as to the value of the two Merrill Lynch accounts at the time of notice, and thereafter direct regular, periodic account statements be to be sent to the United States Marshals Service; and

   (4)  Provide copies of Forms 1099 and all other tax reporting correspondence to the United States Marshals Service upon request.

  15.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure P. 32.2(e).

  16.  In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

  17.  The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Preliminary Order of Forfeiture and Forfeiture Money Judgment to the Federal Bureau of Investigation, the Department of Defense's Defense Criminal Investigative Service, the United States Marshals Service, and counsel for the parties.

  ORDERED this _____ day of _____, 2017.

                    **HONORABLE PETRESE B. TUCKER**
                    **Chief United States District Judge**

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing Motion for Preliminary Order of Forfeiture and Forfeiture Money Judgment has been filed electronically and is available for viewing and downloading from the ECF System.

                                               */s/ Patrick J. Murray*
                                               PATRICK J. MURRAY
                                               Assistant United States Attorney

Date: April 11, 2017