IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONNA FALLON | :<br>:<br>:<br>:     CRIMINAL ACTION<br>:<br>:     NO. 14-574 (PBT)<br>:<br>: |

**DONNA FALLON'S OPPOSITION TO GOVERNMENT'S MOTION FOR
PRELIMINARY ORDER OF FORFEITURE AND FORFEITURE MONEY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendant Donna Fallon respectfully requests that this Court deny the government's motion seeking a preliminary order of forfeiture and a forfeiture money judgment (the "Motion"). (Dkt. No. 338.)  In its Motion, the government seeks an *in personam* forfeiture money judgment against Ms. Fallon in the amount of $570,458.43 based on proceeds obtained by co-defendant Devos Ltd. d/b/a Guaranteed Returns ("Guaranteed Returns" or the "Company") on a theory of joint and several liability.  Last month, in *Honeycutt v. United States*, the Supreme Court held that a defendant cannot be jointly and severally liable for proceeds obtained by a co-conspirator.  *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017).  To enter a forfeiture money judgment, the government must establish by a preponderance of the evidence the amount of proceeds the defendant has obtained.  The government has not done so here.  Under *Honeycutt*, in the absence of such proof, Ms. Fallon cannot be personally liable for a forfeiture money judgment.  In addition, the Court should deny the government's request for an *in*

1

*personam* forfeiture money judgment as there is no statutory authority for the entry of such a judgment.

## PROCEDURAL HISTORY

On February 11, 2016, the government filed a superseding indictment (the "Indictment") charging Ms. Fallon with 12 counts of mail fraud, attempt to commit mail fraud, conspiracy to launder money, and obstruction of justice. In relevant part, Counts 1 through 40 of the Indictment charged Guaranteed Returns and Dean Volkes with engaging in a scheme to defraud customers, in violation of Title 18, United States Code, Sections 1341 and 1343, from 1999 through October 29, 2014, by depriving those customers of indate-related refunds which they were allegedly owed and retaining those refunds for themselves. Counts 41 through 52 charged the Company, Mr. Volkes, and Ms. Fallon (collectively, the "Defendants") with engaging in a scheme to defraud customers, in violation of Title 18, United States Code, Section 1341, by imposing a hidden upward "adjustment" to the fees paid by customers to Guaranteed Returns. Count 53 charged Guaranteed Returns and Mr. Volkes with theft of government property. Count 54 charged the Company, Mr. Volkes, and Ms. Fallon with conspiring to launder the proceeds of the alleged indate refund fraud. Counts 56, 57, and 62 charged the Company, Mr. Volkes, and Ms. Fallon with obstruction of justice in violation of Title 18, United States Code, Section 1512(c).

The Indictment included two forfeiture notices. Forfeiture Notice #1 listed as forfeitable property "the sum of $180,673,777" stemming from Counts 1 through 53, 56, 57, and 62 in the Indictment (mail fraud, wire fraud, theft of government funds, and obstruction of justice).[1]

---

[1] Although the Indictment sought forfeiture related to Counts 56, 57, and 62 in the Indictment (obstruction of justice), in its Motion the government abandoned that claim and is now seeking forfeiture of proceeds related to Counts 1 through 53 only. (*See* Dkt. No. 336 at 3.)

Forfeiture Notice #2 listed as forfeitable property: (1) "All assets within Merrill Lynch Account Number 843-38521 in the name of defendant DEAN VOLKES" (the "Volkes Account"); (2) "All assets within Merrill Lynch Account Number 843-14166 in the name of Donna Fallon Trustee, by Dean Volkes 2012 Ashley Judson Irrevocable Trust" (the "Trust Account"); (3) 18 Laurel Path, Port Jefferson, New York; (4) 102 Village Lane, Carbondale, CO; (5) Lady Banks Lane, Ravenel, South Carolina; (6) 26 Stonehouse Road, Winhall, Vermont; and (7) 2006 Grady white 28 foot pleasure craft, Hull #NTLBY285a606, New York registration number 4670MB stemming from Count 54 (money laundering conspiracy).

The trial in this matter commenced on January 30, 2017. On March 22, 2017, the jury found Guaranteed Returns guilty on all counts; Mr. Volkes guilty on Counts 1 through 55 and 61 through 64; and Ms. Fallon guilty on Counts 41 through 52, 54, and 56 through 61. Two days after the jury returned its verdict, a one-day forfeiture trial was conducted regarding the two bank accounts named in Forfeiture Notice #2 of the Indictment (the "Accounts").[2] Ms. Fallon stipulated that she had no interest in the two accounts named in Forfeiture Notice #2. (March 24, 2017 Tr. at 4:12-14.) On March 24, 2017, the jury returned a special verdict finding that all the funds within the Accounts were property "involved in the money laundering offense." (March 24, 2017 Tr. at 31:11-24.)

On April 11, 2017, the government filed three motions for a preliminary order of forfeiture and forfeiture money judgment as to the Company, Mr. Volkes, and Ms. Fallon seeking a forfeiture money judgment totaling $180,673,777. (Dkt. Nos. 336-338.) The Motion

---

[2] After the jury verdict but before the forfeiture proceeding, the government withdrew its forfeiture claim to the real property listed in Forfeiture Notice #2. The government indicated that it "may proceed against those [pieces of real property listed in Forfeiture Notice #2] as substitute assets or related to the money judgment that [it has] requested on the fraud loss." (March 24, 2017 Tr. at 6:19-21.)

seeks a personal forfeiture money judgment from Ms. Fallon in the amount of $570,458.43 as proceeds obtained as a result of the commission of mail fraud charged in Counts 41 through 52 of the Indictment. The Motion also seeks forfeiture of the Accounts named in Forfeiture Notice #2 of the Indictment. As stipulated at trial, Ms. Fallon has no interest in these accounts.

## ARGUMENT

### I. THE GOVERNMENT CANNOT OBTAIN A PERSONAL FORFEITURE MONEY JUDGMENT AGAINST MS. FALLON BASED ON JOINT AND SEVERAL LIABILITY

In its Motion, the government seeks to hold Ms. Fallon jointly and severally liable for a personal forfeiture money judgment in the amount of $570,458.43. (Dkt. No. 338 at 4.) On June 5, 2017, the Supreme Court issued a unanimous opinion in *Honeycutt v. United States* holding that a criminal defendant can only be held liable to forfeit crime proceeds the defendant personally obtained, and cannot be made jointly and severally liable for proceeds acquired by a co-conspirator. *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017). The Supreme Court's *Honeycutt* decision overturned the "bedrock principle" of joint and several liability for forfeiture money judgments levied against co-conspirators. *Honeycutt*, 137 S. Ct. at 1634. The government's entire basis for forfeiture against Ms. Fallon is predicated on joint and several liability. (Dkt. No. 338 at 3-4.)[3] After *Honeycutt*, the government may no longer rely on joint and several liability to hold Ms. Fallon personally liable for any funds that she did not actually obtain. In seeking a forfeiture money judgment from Ms. Fallon in her personal capacity, the government must demonstrate the amount of proceeds Ms. Fallon personally acquired.

---

[3] Recognizing the potential importance of the *Honeycutt* decision, the government in its Motion noted that the *Honeycutt* case was pending before the Supreme Court on the issue of joint and several liability. (Dkt. No. 338 at 4 & n.2.)

4

The defendant in *Honeycutt* was a sales manager for a hardware store that sold large quantities of a water purification product despite the defendant's knowledge that it was commonly used to produce methamphetamine.  137 S. Ct. at 1628.  The defendant was convicted of federal drug crimes, including conspiracy, and the government subsequently sought to hold the defendant liable for the forfeiture of all the store's profits from the sale of the water purifiers. *Id.*  The Court in *Honeycutt* found that the defendant could not be held liable for the entire $269,751.98 in profits because the defendant, a salaried employee, never personally obtained those assets.

The *Honeycutt* Court interpreted the plain language of 21 U.S.C. § 853(a)(1),[4] which authorizes forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly," from an offense.  The Supreme Court held that under a structural and plain language reading of the statute, the only property that could be forfeited was that which each defendant "actually acquired."  137 S. Ct. at 1635.  The Court found that the common usage and dictionary definition of the term "obtain" entailed actual possession, procurement, or gain.  *Id*. at 1632-33.  Property "obtained, directly or indirectly," delineated the manner in which property is obtained, namely, whether property is obtained "indirectly" by passing through an intermediary, or by reaching the defendant directly.  *Id.*  This does not suggest that property obtained by a co-conspirator is imputed to the defendant.

The Court also found that reading joint and several liability into 21 U.S.C. § 853(a) would be inconsistent with the provisions governing the forfeiture of substitute assets.  *Id*. at 1634.  If the statute were interpreted to hold co-conspirators jointly and severally liable for the

---

[4] The criminal forfeiture procedures in 21 U.S.C. § 853 are incorporated into 28 U.S.C. § 2461(c), which provides the basis for the government's forfeiture money judgment, and is therefore applicable here.

5

proceeds of a crime, regardless of the actual distribution of assets, the government would be able to forfeit property from a defendant that "would have no connection whatsoever to the [defendant's] participation in the crime and would have to be paid from the [defendant's] untainted assets." *Id*. at 1632. This result would "circumvent Congress' carefully constructed statutory scheme, which permits forfeiture of substitute property only" when certain requirements are satisfied, orchestrating "an end run into the statute." *Id.* at 1634.

The government has not put forth the requisite evidence in support of a forfeiture money judgment from Ms. Fallon. *Honeycutt* demands that the government prove the amount of funds "actually acquired" by each defendant before a forfeiture money judgment may be entered against them. The government has the burden to identify what proceeds Ms. Fallon personally obtained. Yet the government has not provided any evidence that Ms. Fallon obtained any proceeds from the charged offenses. Moreover, the government cannot meet this burden because Ms. Fallon, as a salaried employee with no ownership interest in Guaranteed Returns, did not obtain any of the proceeds from the counts of conviction. (Feb. 15, 2017 Tr. at 119:15-19; Feb. 1, 2017 Tr. at 159:1-6.) In the absence of any evidence that Ms. Fallon actually obtained any indate-related refunds associated with Counts 41 through 52, Ms. Fallon cannot be required to forfeit those proceeds. As Ms. Fallon's forfeiture money judgment is solely based on joint and several liability, the government's request for a forfeiture money judgment against Ms. Fallon must be denied.

## II.  THERE IS NO STATUTORY AUTHORITY FOR A FORFEITURE MONEY JUDGMENT

The Court should deny the government's request for an *in personam* forfeiture money judgment for the additional reason that there is no statutory authority for the entry of such a

6

judgment. There is no provision under the relevant criminal forfeiture statutes that authorizes a forfeiture money judgment.

The pertinent forfeiture statutes do not by their express language authorize forfeiture money judgments.[5] The government seeks forfeiture of $570,458.43 under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, which incorporates the procedures laid out in 21 U.S.C. § 853. These statutes only permit forfeiture of tainted property. *See* 18 U.S.C. § 981(a)(1)(C) (permitting forfeiture if property "constitutes or is derived from proceeds traceable to . . . [certain] offense[s]"); 21 U.S.C. § 853(a) (permitting criminal forfeiture of "any property constituting or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation"); 28 U.S.C. § 2461(c) ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case . . . ."); *see also Honeycutt*, 137 S. Ct. at 1632 (describing § 853 as limited to "tainted property; that is, property flowing from (§ 853(a)(1)), or used in (§ 853(a)(2)), the crime itself"). Neither 18 U.S.C. § 981(a)(1)(C) nor 21 U.S.C. § 853(a) authorize a forfeiture money judgment. In fact, by their express terms, those statutes limit forfeiture to property that "constitutes or is derived from" proceeds traceable to a crime. 28 U.S.C. § 2461(c) similarly does not authorize a forfeiture money judgment, and only permits forfeiture of "the property" assuming "the defendant is convicted of the offense giving rise to the forfeiture." These statutes do not provide for the forfeiture of untainted funds as part of a lump sum money judgment where

---

[5] To the extent Federal Rule of Criminal Procedure 32.2 addresses forfeiture money judgments, the Advisory Committee Notes make clear that these references are merely an acknowledgement that "[a] number of cases have approved use of money judgment forfeitures" and that "[t]he Committee takes no position on the correctness of those rulings." FED. R. CRIM. P. 32.2 Advisory Committee Notes (2000). In any event, as recognized by the U.S. District Court for the Eastern District of New York in *United States v. Surgent*, the Federal Rules of Criminal Procedure " 'govern the procedure in all criminal proceedings,'; they do not expand the range of remedies available to the government in a criminal forfeiture proceeding." No. 04-CR-364 (JG) (SMG), 2009 WL 2525137, at *7 (E.D.N.Y. Aug. 17, 2009) (citation omitted).

tainted funds are otherwise unavailable.[6] Should the government seek untainted property, it may do so *only* through the substitute asset provisions of the forfeiture statute. 21 U.S.C. § 853(p).

As the Court in *Honeycutt* recognized, this conflation of untainted and tainted assets improperly sidesteps the substitute asset provisions. *See Honeycutt*, 137 S. Ct. at 1633. Substitute assets are only available when certain specified pre-conditions are met. *See* 21 U.S.C. § 853(p)(1). The substitute asset provision applies only if "as a result of any act or omission of the defendant" the specific, tainted property "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1). "Only if the Government can prove that one of these five conditions was caused by the defendant may it seize 'any other property of the defendant, up to the value of' the tainted property—rather than the tainted property itself." *Honeycutt*, 137 S. Ct. at 1634 (citing 21 U.S.C. § 853(p)(2)). Entering a money judgment to retrieve funds that are entirely unrelated to the charged conduct circumvents this carefully considered statutory scheme. *See United States v. Monsanto*, 491 U.S. 600, 611 (1989) (observing, in the context of interpreting § 853, that "interpretative canon[s are] not a license for the judiciary to rewrite language enacted by the legislature" (quoting *United States v. Albertini*, 472 U.S. 675, 680 (1985)).

The Third Circuit, in *United States v. Vampire Nation*, approved of the use of forfeiture money judgments, but the court noted that in doing so it was relying, not on the statute's text, but on a liberal construction to "effectuate its remedial purpose." 451 F.3d 189, 202 n.12 (3d Cir.

---

[6] Congress, in other statutes, has explicitly authorized forfeiture in the form of personal money judgments, indicating that this omission in 18 U.S.C. § 981 and 21 U.S.C. § 853 is deliberate, not an oversight. *See Surgent*, 2009 WL 2525137, at *6 (citing *Chapman v. United States*, 500 U.S. 453 (1991)).

2006). The court reasoned that since "§ 853 does not contain any language *limiting* the amount of money available in a forfeiture order to the value of the assets a defendant possesses at the time the order is issued," forfeiture money judgments were permissible. *Id.* at 201-02 (emphasis added).

The Supreme Court in *Honeycutt* expressly rejected the expansive interpretation of the criminal forfeiture statute adopted by the Third Circuit in *Vampire Nation*. In holding that a defendant cannot be held jointly and severally liable through forfeiture for property his or her co-conspirator acquired from a crime, the Court eschewed a liberal reading in favor of strict reliance on § 853's "plain text and structure." *Honeycutt*, 137 S. Ct. at 1634-35 & n.2. To the extent the Court considered Congress's purpose in enacting § 853, it found that "Congress did not . . . enact any 'significant expansion of the scope of property subject to forfeiture.'" *Id.* at 1635 (quoting S. Rep. No. 98-225, at 192 (1984)). While the *Vampire Nation* Court drew upon 21 U.S.C. § 853(o) as indication that the forfeiture statutes must be "liberally construed to effectuate its remedial purposes," the *Honeycutt* Court outright rejected creating an extra-statutory remedy on the basis of § 853(o). *Honeycutt*, 137 S. Ct. at 1635 n.2. The Supreme Court held that it "cannot construe a statute in a way that negates its plain text, and here, Congress expressly limited forfeiture to *tainted* property that the defendant obtained." *Id.* During the *Honeycutt* oral argument, Justice Kagan questioned the legitimacy of forfeiture money judgments, even though the issue was not before the Court. *See* Tr. of Oral Argument at 46:13-15, *Honeycutt v. United States* (U.S. Mar. 29, 2017) (No. 16-142) (Justice Kagan: "And let's put aside the extra[-]statutory money judgments, since I don't understand really how that works, . . . . All right?"). The validity of forfeiture money judgments is the subject of a pending petition for certiorari

before the Supreme Court.  *See United States v. Lo*, 839 F.3d 777 (9th Cir. 2016), *petition for cert. filed* (U.S. Mar. 10, 2017) (No. 16-8327).

      The *Honeycutt* Court's logic is shared by several district courts that have considered the legitimacy of forfeiture money judgments.  Prior to the Third Circuit's ruling in *Vampire Nation*, Judge Dalzell in the United States District Court for the Eastern District of Pennsylvania, anticipating the same principles later applied by the *Honeycutt* Court, ruled that 18 U.S.C. § 982 did not authorize courts to enter forfeiture money judgments.  *See United States v. Croce*, 334 F. Supp. 2d 781, 783-84 (E.D. Pa.), *amended on reconsideration*, 345 F. Supp. 2d 492 (E.D. Pa. 2004), *rev'd & remanded*, 209 F. App'x 208 (3d Cir. 2006), *and opinion vacated in part on reconsideration*, 355 F. Supp. 2d 774 (E.D. Pa. 2005), *and rev'd and remanded*, 209 F. App'x 208 (3d Cir. 2006).  As Judge Dalzell noted upon reconsideration of his opinion, "[a]lthough the Government has cited many cases that implicitly, or even explicitly, approve of the entry of forfeiture money judgments, few of those cases have considered the issue closely.  For the reasons explained in our first opinion, and amplified herein, we do not find those few cases persuasive."  *Id.* at 497.  Another district court, after considering *Vampire Nation*, similarly concluded that forfeiture money judgments were not authorized under the statute, despite the number of circuit court decisions to the contrary.  *See United States v. Surgent*, No. 04-CR-364 (JG) (SMG), 2009 WL 2525137, at *15 (E.D.N.Y. Aug. 17, 2009).  The court "conclude[d] that nothing in § 982, § 853, or the jurisprudence of the Second Circuit authorizes [courts] to enter a personal money judgment, as opposed to an order forfeiting specific property."  *Id.* at *1.

In light of the Supreme Court's reasoning in *Honeycutt*, and in the absence of any statutory authority authorizing the entry of an *in personam* forfeiture money judgment, the Court should decline to enter a personal forfeiture money judgment against Ms. Fallon.[7]

## CONCLUSION

For the foregoing reasons, Ms. Fallon respectfully requests that the Court deny the government's Motion.

Dated: New York, New York  
July 14, 2017

Respectfully Submitted,

**WILMER CUTLER PICKERING HALE & DORR LLP**

By: /s/ Sharon Cohen Levin  
Sharon Cohen Levin

7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
Tel. 212-230-8800  
Fax 212-230-8888  
sharon.levin@wilmerhale.com

---

[7] In addition to seeking a forfeiture money judgment, the government in its Motion requests that the Court: (1) enter a preliminary order of forfeiture for all funds held in Merrill Lynch Account Number 843-38521 in the name of Dean Volkes; and all funds held in Merrill Lynch Account Number 843-14166, titled: "Donna Fallon TTEE U/A DTD 05/31/2012 By Dean Volkes Ashley Judson Irrev. Trust" (together, the "Bank Accounts"); and (2) authorize the government to undertake publication of the preliminary forfeiture order and to notify potential third-party claimants with respect to all funds in the two accounts listed in Forfeiture Notice #2. Ms. Fallon has no interest in the two accounts named in Forfeiture Notice #2 and, thus, takes no position as to the government's requests. (March 24, 2017 Tr. at 4:12-14.)

**PROSKAUER ROSE LLP**

**By:** /s/ Robert J. Cleary
Robert J. Cleary
William C. Komaroff
Samantha Springer
Julia D. Alonzo

11 Times Square
New York, New York 20036
Tel.  212.969.3000
Fax  212.969.2900
rjcleary@proskauer.com
wkomaroff@proskauer.com
sspringer@proskauer.com
jalonzo@proskauer.com

*Attorneys for Defendant Donna Fallon*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 14, 2017, I caused a copy of the foregoing Donna Fallon's Opposition to Government's Motion for Preliminary Order of Forfeiture and Forfeiture Money Judgment to be served upon all parties of record by operation of the Court's electronic filing system.

      /s/ Sharon Cohen Levin
      Sharon Cohen Levin